DARRYL A. STALLWORTH (SBN: 163719)
The Law Office of Darryl A. Stallworth
A Professional Corporation
2355 Broadway, Suite 303
Oakland, CA 94612
Telephone: (510) 271-1900
Facsimile: (510) 271-1902

Attorneys for Defendant, Stephan A. Florida

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHAN A. FLORIDA,<br><br>Defendant. | Case No. 4:14-CR-00582-PJH-05<br><br>**NOTICE OF MOTION TO RELEASE DEFENDANT AND SET REASONABLE BAIL**<br><br>Date:<br>Time: |

**Honorable Judge Kandis Westmore**

**PLEASE TAKE NOTICE** that, upon the attached affirmation of DARRYL A. STALLWORTH, and the attached Memorandum of Points and Authorities, the undersigned will move this Court on the day and time listed above, or son thereafter as counsel can be heard for an Order, pursuant to 18 U.S.C. § 3142(g) and the Fifth, Sixth, and Eight Amendments to the United States Constitution, granting bail, setting reasonable conditions of release for STEPHAN A. FLORIDA, and granting such other and further relief as may be just and proper.

Dated: April 8, 2015

Respectfully Submitted,

_____
DARRYL A. STALLWORTH
Attorney for Defendant, STEPHAN A. FLORIDA

- 1 -

DARRYL A. STALLWORTH (SBN: 163719)
The Law Office of Darryl A. Stallworth
A Professional Corporation
2355 Broadway, Suite 303
Oakland, CA 94612
Telephone: (510) 271-1900
Facsimile:  (510) 271-1902

Attorneys for Defendant, Stephan A. Florida

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA, | Case No. 4: 14-CR-00582-PJH-05 |
| Plaintiff, | **MOTION TO RELEASE DEFENDANT AND SET REASONABLE BAIL** |
| vs. | Date: |
| STEPHAN A. FLORIDA, | Time: |
| Defendant. | |
| | **Honorable Judge Kandis Westmore** |

**TO: THE U.S. ATTORNEY AND TO THE UNITED STATE DISTRICT COURT OF THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that on the above date and time, or as soon thereafter as the matter may be heard, Defendant, STEPHAN A. FLORIDA by and through his attorney of record, will and hereby does move this Court for an Order, pursuant to 18 U.S.C. § 3142(g) and the Fifth, Sixth and Eight Amendments to the United States Constitution, granting bail, setting reasonable conditions of release for Stephan A. Florida, and granting such other and further relief as may be just and proper.

This motion is based on this notice, the Memorandum of Points and Authorities, the attached Declaration of Counsel, and such additional evidence and argument as counsel may present at the time of hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

This memorandum is submitted in support of Stephan A. Florida's Motion to Release Defendant and Set Reasonable Bail for bail pursuant to 18 U.S.C. § 3142(g) and the Fifth, Sixth and Eight Amendments to the United States Constitution. As addressed herein, these laws require that Mr. Florida be released on bail. There is a presumption favoring bail release for the offenses with which he is charged. Mr. Florida is not a flight risk or a danger to any person or the community. Furthermore, given the staggering quantity of discovery and complexity of the charged Federal offenses, Mr. Florida's continued detention will make it impossible for counsel to adequately prepare for trial.

## STATEMENT OF FACTS

Mr. Stephan A. Florida is 25 years old and a lifelong resident of Oakland, Fremont, and Hayward, California. Mr. Florida graduated from Logan High School in 2008. He has worked consistently since graduation as a Real Estate Investor. Prior to his arrest and incarceration on February 18, 2015, Mr. Florida had just formed a nonprofit charitable foundation with his sister Crystal Florida called "Evenrights", which promotes equality for aspiring athletes and artist. Although the real estate market has had its ups and downs, Mr. Florida has consistently taken care of his mentally ill mother and elderly grandfather.

Mr. Florida is charged in the instant indictment with one count of bid rigging and three counts of mail fraud. On the morning of February 18, 2015, Mr. Florida was charged by the Alameda County District Attorney's Office with one count of possession of marijuana for sale, one count of Oxycodone, one count of possession of Xanax for sale, and one count of possession of codeine. In the afternoon of February 18, 2015, Mr. Florida's $250,000 unsecure Federal Bond was revoked and for the past eight weeks Mr. Florida has been incarcerated awaiting a reasonable bail and release.

## LEGAL ARGUMENT

Under the Bail reform Act of 1984, 18 U.S.C. § 3141 et seq., a court "must release a defendant on bail on the least restrictive condition or combination of conditions that will reasonably assure the defendant's appearance when required and the safety of the community." *United States v. Madoff*, 586 F. Supp. 2d 240, 246 (S.D.N.Y. 2009); 18 U.S.C. § 3142 (c) (1) (B). It is properly viewed as a permissible regulatory, or preventive, measure for use by the courts, rather than being punitive in nature. See *United States v. Salerno*, 481 U.S. 739, 747, 107 S. Ct. 2095, 2010 (1987). Significantly, in enacting the Bail Reform Act, Congress recognized "the traditional presumption favoring pretrial release 'for the majority of the Federal defendants.'" *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986) cert. dismissed 479 U.S. 978, 107 S. Ct. 562 (1986). Accordingly, the Supreme Court has observed that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Salerno*, 481 U.S. at 755, 107 S. Ct. at 2105.

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the court must consider the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of § 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including:

    a. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings; and

    b. whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g)

"In applying the factors to any particular case, the court should bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." *United States v. Shakur*, 817 F. 2d 189, 195 (2d Cir. 1987) citing S. Rep. No. 225, 98th Cong., 2d Sess. 7, reprinted in 1984 U.S. Code Cong. & Ad. News 3182, 3189.

**(1) The Nature and Circumstances of the Offenses Charged and the Weight of the Evidence**

As addressed above, Mr. Stephan A. Florida is charged on the Federal level with one count of bid rigging and three counts of mail fraud. On the State level, Mr. Florida is charged with one count of possession of Xanax for sale, one count of Oxycodone for sale, one count of Marijuana for sale and one count of possession of codeine. Under the Bail Reform Act, these charges do not give rise to a presumption that no conditions of release will reasonably ensure the safety of the community. The charges that Mr. Florida is facing do not place him in that "limited group of offenders" who should be denied bail pending trial.

**(2) The Weight of the Evidence against the Person**

The second factor of § 3142(g) - "the weight of the evidence against the person" - requires the court to consider evidence proffered by the government that it intends to use at trial. The Government has all but conceded that of all the defendants charged in the Federal case Mr. Stephan A. Florida has the fewest charges and the least amount of evidence in the case. This evidence consists of hundreds of thousands of documents and recordings from events that allegedly took place over five years ago from 2008 through 2010. Given Mr. Florida's lack of criminal history it is quite likely that a resolution of his case would place him in the lower end of the Federal Sentencing Guidelines with a restitution amount of less than $30,000. Mr. Florida's State case is waiting additional testing of the alleged Oxycodone and Xanax pills. Preliminary results concluded that both sets of pills are merely thyroid medication. Mr. Florida and his Fiancé have medical marijuana cards that allow them to have up to two pounds of marijuana in their home. The marijuana recovered.

Once the additional testing has been completed Mr. Florida anticipates a dismissal of all of his State charges.

**(3)   The History and Characteristics of the Person**

Mr. Stephan A. Florida has lived in the same community for his entire life, maintained consistent employment and participated in volunteer work with his non-profit agency. He has been self-sufficient since age 18 and fully responsible for his rent and other monthly expenses. He has taken care of his mentally ill mother and elderly grandfather. He has strong family ties. His sister Belinda Florida has signed over the equity in her home in the form of a property bond and we have provided the Court with a list six people who have signed on as personal vouchers. These are clearly conditions that would reasonably assure Mr. Florida's presence in court.

**(4)   The Nature and Seriousness of the Danger to Any Person or the Community**

Mr. Stephan A. Florida's release would not result in any danger to any person or to the community. When we were last in court on March 9, 2015, the Court's expressed concern was not necessarily whether or not Mr. Florida would be a danger to anyone, but rather would he be inclined to engage in the alleged unlawful behavior associated with the State's case. Previous arguments for a property bond were revisited and a decision on the Walnut Creek property providing a $400,000 bond versus the Danville property providing a $750,000 bond were tabled to the next hearing with the direction from the Court to produce proof that the Walnut Creek property was current in its mortgage payments. On March 13, 2015, Mr. Florida provided the Court with a Chase Mortgage statement showing the Mortgage of the Walnut Creek property was current. On March 16, 2015, the Court issued the Tentative Ruling that given the Walnut Creek's recent past due mortgage payments and Ms. Florida's seemingly inability to make consistent payments, that the property is not a viable source to secure a $750,000 bond for Mr. Florida. Mr. Florida's family, similar to most families can only provide a certain amount of financial assistance by way of property bonds. Although the Danville home is worth more than the Walnut Creek home it is unavailable because the owners are in desperate need of financing it and as such, a property bond would terminate the current refinance process. The Walnut Creek home on the other hand is without such concerns. The $400,000 of equity has been established and the mortgage is current. Ms. Belinda Florida will testify under oath

that although she has an annual salary of $65,000, the property will not go into default because in addition to her salary she receives rent from her in-law unit and commissions from work. She would also testify that the monthly payment of $4,500 is only temporary. The regular monthly payment will only be $2,900 once an escrow balance is paid off.

Given the recent revelations concerning the State's case, Mr. Florida requests her Honor to reconsider the amount contemplated for his property bond. Although there are no Federal Bail guidelines, a brief review of Alameda County's Bail Schedule should provide some perspective when considering an amount that would deter future unlawful behavior. The following is a list of crimes and scheduled bail:

| Crime | Bail |
|---|---|
| 1.) Manslaughter | $100,000 |
| 2.) Involuntary Manslaughter | $ 50,000 |
| 3.) Mayhem | $100,000 |
| 4.) Robbery 1st degree | $100,000 |
| 5.) Assault with a semi-auto rifle | $ 75,000 |
| 6.) Rape in Concert with Violence | $250,000 |

It is clear that Mr. Florida's alleged unlawful Federal and State charges combined pale in comparison to the State's bail schedule for far more serious violent crimes. Mr. Florida's $100,000 State bond and Ms. Belinda Florida's $400,000 property will secure his appearance and will extinguish even the thought of unlawful behavior. Mr. Florida has spent almost two months in a jail cell that he never wants to see again. Mr. Florida will not put his sister's property in jeopardy. Mr. Florida will not put his attorney if a disabling posture for trial by violating these reasonable bail conditions. Quite simply, Mr. Florida's life is at stake here and he will do everything and anything the Court requires him to if he is released.

**(5) Due Process Considerations**

Although the Speedy Trial Act, 18 U.S.C. § 3161 et seq., is designed to ensure that criminal matters are brought to trial expeditiously, in reality, it often takes many months before a complex case can be tried. Preventive detention for many months without a finding of guilt, raises a serious

constitutional question, and the length of the Defendant's detention must be considered in a bail application such as the present one. Given the voluminous amount of discovery in this case and a tentative trial date in November of this year, there is a high risk that continued pre-trial detention would result in a due process violation.

Pretrial detention constitutes punishment in violation of the Fifth Amendment's Due Process Clause when it is excessive in relation to non-punitive purposes of detention, such as "preventing danger to the community," *Salerno*, 481 U.S. at 746-47, or "ensur[ing] (a defendant's) presence at trial," *Bell v. Wolfish*, 441 U.S. 520, 536, 99 S.Ct. 1861, 60 L.ED 2d 447 (1979). Due Process sets no bright-line limit on the length of pre-trial confinement, but courts have found prolonged pre-trial detention to violate due process when insufficiently justified by other factors. See e.g., *Unites States v. Ojeda Rios*, 846 F. 2d 167, 168-69 (2d Cir. 1988).

Mr. Florida has been detained for almost two months. To date discovery in his Federal case contains literally hundreds of thousands of documents and recordings. Although the Government has been ordered by the Honorable Judge Hamilton to produce a pared down list of what it will actually be using at trial, it is imperative that my client be able to review these documents and recordings with me as we prepare for trial. We are already two months behind schedule. Additionally, Mr. Florida's Federal detention has prevented him from appearing in any of his State proceedings. Although his Honor Scott Patton has issued a bench warrant in order to secure his appearance, North County Jail simply will not transport him. Mr. Florida's constitutional right to be present at all of his proceedings has been violated twice.

A consideration of the factors set forth at 18 U.S.C. § 3142(g), therefore demonstrates that the conditions proposed herein would assure Mr. Stephan A. Florida's appearance and the safety of the community.

///
///
///
///
///

-7-

## DECLARATION OF COUNSEL

I, Darryl A. Stallworth, hereby declare the following:

1. I am an attorney in good standing and duly licensed to practice law in the State of California and in the United States District Court, Northern District of California;

2. I am the attorney of record for Defendant Stephan A. Florida in the above-referenced case and make this affirmation in support of his motion for reasonable bail pursuant to 18 USC § 3142(g) and the Fifth, Sixth and Eighth Amendments to the United States Constitution.

3. On November 19, 2014, Defendant Stephan A. Florida was indicted by a federal grand jury for one count of bid rigging, in violation of 15 U.S.C. § 1, and three counts of mail fraud, in violation of 18 U.S.C. §1341.

4. On December 8, 2014, Mr. Florida appeared for his initial appearance and arraignment before the Honorable Kandis A. Westmore. Mr. Florida pled not guilty to all charges and was released on a $250,000 personal appearance bond subject to the standard release conditions that he does not commit another Federal, State or local crime.

5. On December 17, 2014, Mr. Florida made his first appearance before the district court and the matter was continued to March 18, 2015.

6. On February 13, 2015, Mr. Florida's home that he shared with his fiancé, Adrienne Wilson, was burglarized by Kionte Leggett and Antonio Marr, who both claim that the other forced them at gunpoint to commit this crime. A search of the home produced a black duffel bag containing stolen jewelry, approximately a pound of marijuana, and large amounts of pills bearing markings that read "Xanax" and "M 30."

7. On February 13, 2015, Mr. Stephan A. Florida was notified of the burglary and promptly arrived at the scene and told the officers that he had $50,000 cash in a safe. Mr. Florida was detained while a search warrant of his home was secured. Soon thereafter a search of the home produced the aforementioned safe, which held $69,000, a brown box on a desk containing $3,500 and a bottle of cough syrup found in the freezer. Mr. Florida was then arrested.

8. On February 14, 2015, Mr. Florida was released from custody after securing a $100,000 bail bond.

9. On February 17, 2015, Mr. Stephan A. Florida, Ms. Adrienne Wilson and the two men that burglarized his home, Mr. Leggett and Mr. Marr, respectively, were all charged with possession of Xanax and Oxycodone for sale.

10. On the morning of February 18, 2015, Mr. Stephan A. Florida was arraigned in the Hayward Hall of Justice of the Superior Court of California, and then promptly arrested by FBI agents, placed into Federal custody. Later that afternoon Mr. Florida brought before the Honorable Kandis A. Westmore a petition by the U.S. Government to revoke Mr. Florida's Federal Pretrial release of the $250,000 unsecured bond. After a tentative ruling of non-release, I have requested an opportunity to review the Hayward case and return to court to have her Honor reconsider her tentative ruling.

11. On February 20, 2015 and February 26, 2015, after hearing arguments from both sides her Honor concluded that Mr. Florida was not a flight risk but stated that she had her concerns about him engaging in the alleged criminal conduct associated with the recent Hayward case. Her Honor stated that she would consider a $500,000 property bond as sufficient deterrent to such behavior.

12. On March 3, 2015, Mr. Stephan A. Florida was informed by Assistant U.S. Attorney Manish Kumar that the DEA performed a preliminary chemical analysis of one of the suspected oxycodone and Xanax pills. The results indicated that both pills were merely a legal form of thyroid medication.

13. On March 9, 2015, Mr. Stephan A. Florida appeared again before her Honor for consideration of release on a reasonable bail. I informed the court of the DEA's preliminary test results and argued that alleged conduct upon which Mr. Florida's bond was revoked had been considerably diminished given these results. I further argued that Belinda Florida's Walnut Creek home could secure a $400,000 property which would more than deter Mr. Florida from engaging in the alleged diminished unlawful conduct associated with the Hayward case. Her Honor stated that she was still incline to set the bond at $750,000 but would still consider the Walnut Creek home if the mortgage were current. A hearing was set for March 17, 2015.

-9-

14. On March 16, 2015, her Honor issued a tentative ruling that she had concerns about the viability of the Walnut Creek property securing a $750,000 bond and thus Mr. Florida would remain in custody unless a more viable bond package is presented to the court.

15. On March 18, 2015, Mr. Stephan A. Florida appeared in front of the Honorable Judge Hamilton for a Status Conference. Assistant U.S. Attorney Manish Kumar informed all parties that in addition to the over 10,000 pages of documents and hundreds of recorded conversations, there would be an additional release of discovery making this case extremely complex and voluminous. We discussed a November trial date. We are scheduled to return to court on April 15, 2015 where we will be required to give notice of our pretrial motions. In light of the complexity and quantity of discovery materials in this case Mr. Florida's right to a fair trial is extremely compromised by his continued incarceration. I cannot provide him with effective assistance of counsel and cannot adequately prepare for trial by having my client in custody. This reality, coupled with the fact that conditions exist, such as the $400,000 property bond, a $100,000 state bond, a curfew, and an ankle monitor, will reasonably assure the safety of the community and Mr. Florida's appearance in court, necessitates that my client be released on bail.

### THE PROPOSED CONDITIONS

We propose that the following combination of conditions will assure both the safety of the community and Mr. Stephan A. Florida's appearance in court:

1. A $400,000 property bond, secured by Belinda Florida's Walnut Creek home.
2. The $100,000 State Bond from the Hayward case.
3. The attached list of six personal vouchers.
4. A 10:00 p.m. Curfew.
5. An Ankle Monitor.
6. A monthly Mortgage Report showing that the Mortgage on the Walnut Creek Property continues to be current.
7. And any other conditions her Honor would require.

## CONCLUSION

For the above reasons set forth above, and the Declaration of Counsel, we respectfully submit this Court should grant reasonable bail to Mr. Stephan A. Florida under the terms set forth herein and grant such other and further relief as may be just and proper.

Dated: April 8, 2015

Respectfully Submitted,

_____
DARRYL A. STALLWORTH
Attorney for Defendant
STEPHAN A. FLORIDA

- 11 -

# ATTACHMENT A

ATTACHMENT A

## List of sureties for Stephan A. Florida's obligations

| Surety – Property Bond | |
|---|---|
| Belinda Florida (Sister) | |
| **Surety – Personal Voucher** | |
| Chrystal Florida (Sister)<br>6 Youngs Ct.<br>San Francisco, CA<br>Phone: (925) 785-6488 | |
| Patricia Florida (Aunt)<br>4148 Creekpoint Ct.<br>Danville, CA 94506<br>Phone: (510) 502-7689 | |
| Herman Blade (Grandfather)<br>716 Bobcat Lane<br>Manteca, Ca 95336-8662<br>Phone: 510-919-2409 | |
| Debra Brooks (Cousin)<br>716 Bobcat Lane<br>Manteca, Ca 95336-8662<br>Phone: 209-627-9915 | |
| Aubrey McGee (Uncle)<br>526 Tiffany Road<br>San Leandro, Ca 94577<br>Phone: 510-638-4202 | |
| | |
| Laron Bailey (Business Partner - EvenRights Co-Founder)<br>Phone: 916-757-4358 | |

## PROOF OF SERVICE

I, the undersigned, declare that I am employed in the County of Alameda, State of California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is 2355 Broadway, Suite 303, Oakland, California 94612.

On April 8, 2015 I served the within:

- **NOTICE OF MOTION TO RELEASE DEFENDANT AND SET REASONABLE BAIL**
- **MOTION TO RELEASE DEFENDANT AND SET REASONABLE BAIL**

[ ]   VIA HAND DELIVERY by causing a true copy thereof, enclosed in a sealed envelope, to be delivered by hand to the address(es) shown below.

[ ]   BY MAIL in the said cause by placing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, in the United States mail at Oakland, CA addressed as shown below.

[ ]   BY FACSIMILE TRANSMISSION by transmitting a true copy thereof by facsimile transmission from the facsimile number (510) 271-1902 to the interested parties to said action at the facsimile number(s) shown below.

[ ]   VIA OVERNIGHT DELIVERY by placing a true copy thereof, enclosed in a sealed envelope, with delivery charges fully paid, to be delivered via overnight delivery to the address(es) shown below.

[X]   VIA EMAIL by e-mailing a copy of the motion and exhibits to co-counsel as follows:

Manish Kumar, United States Assistant Attorney
Office of the U.S. Attorney
450 Golden Gate Avenue, 11th Floor
San Francisco, CA 94102
E-mail: Manish.Kumar@usdoj.gov

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 8th day of April of 2015 at Oakland, CA.

_____
Claudia B. Rios

UNITED STATES OF AMERICA vs. STEPHAN A. FLORIDA
(U.S. Northern District of California Case No. 4:14-cr-005823-PHJ-05)