STEVEN F. GRUEL (SBN 213148)

315 Montgomery Street, 9th Floor
San Francisco, California 94104
Telephone Number (415) 989-1253
Fax Number (415) 449-3622
attystevengruel@sbcglobal.net

www.gruellaw.com

Attorney for Robert Rasheed

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-14-0582-PJH |
| Plaintiff, | JOINT DEFENSE MOTION *IN LIMINE* TO EXCLUDE GOVERNMENT RULE 404(b) EVIDENCE AT TRIAL |
| Vs. | |
| ALVIN FLORIDA, et al., | Pretrial Date: October 12, 2106 |
| Defendants. | Time: 1: 30 p.m. |
| | Honorable Phyllis J. Hamilton |
| | Criminal Local Rule 17.1-1(b)(15) |

The defendants, by and through their counsel, jointly submit this JOINT DEFENSE MOTION *IN LIMINE* TO EXCLUDE GOVERNMENT RULE 404(b) EVIDENCE AT TRIAL.

<u>STATEMENT OF FACTS & LAW</u>

The core of this case is a single conspiracy alleging a complex criminal antitrust violation.

1

The alleged criminal conduct involves a lengthy conspiracy to rig bids at public non-judicial auctions for hundreds of distressed properties in Alameda County.

In accordance with Rule 404(b), the defense requested that the government provide notice of its intent to introduce this type of evidence at trial. For example, on January 28, 2015, by email and United States Mail, defense counsel for Robert Rasheed requested that the prosecution provide notice of any 404(b) evidence it intended for trial. *See January 28, 2015 letter attached as Exhibit A*. Notwithstanding this defense request, no notice of 404(b) evidence has been provided by the prosecution beyond its March 16, 2015 letter stating that it would inform all defendants of Rule 404(b) trial evidence some "reasonable" time before trial. *See March 15, 2015 Government letter attached as Exhibit B*.

Subsequently, in the numerous government discovery letters which accompanied the voluminous discovery CDs in this case, no mention, identification or notice of any Rule 404(b) evidence was ever provided. Consequently, in light of the above, the defense jointly seeks this Court's Order excluding Rule 404(b) evidence by the prosecution as to any defendant at trial.

A. <u>The Prosecution Has Failed to Produce Requested Evidence to the Defense</u>

Federal Rule of Evidence Rule 404(b)(2) Notice in A Criminal Case states:

**This evidence may be admissible for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident. On request by a defendant in a criminal case,** *the prosecutor must*

*(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial* **(emphasis added).**

The Federal Rules of Evidence plainly require that the government must provide reasonable

2

notice or be foreclosed of "other crimes, wrongs or other acts" evidence it intends to introduce at trial. See Fed.R.Evid. 404(b)(2)(A). The Rule's clear intent of the pretrial notice requirement is to reduce surprise and promote early resolution on the issue of admissibility. The defense, as seen in Robert Rasheed's letter has been requesting disclosure of this specific evidence since January 28, 2015. Nothing identified as Rule 404(b) has been forthcoming either in response to the defense requests or in the government's stream of discovery letters and CDs.

To avoid any unfair surprise at trial, to ensure that the government adheres to the Rules and to promote orderly due process, the defense requests that the Court order any Rule 404(b) evidence inadmissible at trial.

Dated: September 14, 2016                    Respectfully Submitted,

                                             ____/s/_____
                                             SHAFFY MOEEL
                                             Attorney for Defendant
                                             ALVIN FLORIDA, JR.

                                             ____/s/_____
                                             STEVEN GRUEL
                                             Attorney for Defendant
                                             ROBERT ALHASHASH RASHEED

                                             ____/s/_____
                                             JOHN FORSYTH
                                             Attorney for Defendant
                                             JOHN LEE BERRY, III

                                             ____/s/_____
                                             EDWIN PRATHER
                                             Attorney for Defendant
                                             REFUGIO DIAZ

                                             ____/s/_____
                                             DARRYL STALLWORTH
                                             Attorney for Defendant
                                             STEPHAN ALEXANDER FLORIDA