**JOHN D. FORSYTH (SBN 178341)**
**The Law Office of John D. Forsyth**
**2431 Fillmore Street**
**San Francisco, CA 94115**
**415-401-0729 telephone**
**415-401-7609 facsimile**
**sotts@earthlink.net e-mail**

**RICHARD G. HULLINGER (SBN 294025)**
**Law Office of Richard G. Hullinger**
**1000 Brannan Street, Suite 488**
**San Francisco, CA 94103**
**Telephone: (415) 575-3588**
**Facsimile: (415) 522-1506**
**richardh@defendergroup.com**

Attorneys for Defendant
**JOHN LEE BERRY, III**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JOHN LEE BERRY, III,<br><br>　　　　Defendant. | Case No. 14-CR-582 PJH<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO SEVER PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 14**<br><br>Date: October 12, 2016<br>Time: 1:30 p.m.<br>Court: The Hon. Phyllis J. Hamilton |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on October 12, 2016, or as soon thereafter as the matter may be heard, defendant, JOHN LEE BERRY, III, by and through counsel, will and hereby does move for an order severing Mr. Berry from his co-defendants pursuant to Federal Rule of Criminal Procedure 14(a) and requests that the Court order a separate trial. This motion is

based on this notice of motion and attached memorandum of points and authorities, the records and files in this action, and such evidence and argument as may be presented at the hearing on this motion.

DATED: September 14, 2016          Respectfully submitted,

*Richard Hullinger*
RICHARD HULLINGER
JOHN D. FORSYTH
Attorneys for Defendant
JOHN LEE BERRY, III

## I. INTRODUCTION

On August 15, 2016, the government filed a Notice of Coconspirator Statements. Dkt. 194. The Notice included the declaration of FBI Special Agent Deborah Bond. Bond Decl., Dkt. 194-1. The declaration included a summary of a January 11, 2011, interview of co-defendant Robert Rasheed wherein Mr. Rasheed describes in detail the bid-rigging and secondary auctions to FBI agents. Mr. Rasheed's statement to the FBI effectively constitutes a confession to the bid-rigging conspiracy also charged against defendant, John Lee Berry, III. Thus, if the government intends to introduce those statements at trial, Mr. Berry is entitled to a severance under the Sixth Amendment to the Constitution and <u>Bruton v. United States</u>, 391 U.S. 123 (1968). Furthermore, severance should be granted based upon the arguments articulated in Defendants' Objections to the Government's Notice of Co-Conspirator Statements (Dkt. 227) and defendant hereby incorporates the arguments and authority contained therein.

## II. STATEMENT OF FACTS

This Court is well aware of the facts of this case. Mr. Berry respectfully refers the Court to prior pleadings for a full recitation of the facts alleged against him and his co-defendants.

## III. ARGUMENT

### Severance Should be Granted Because a Joint Trial Prejudices Mr. Berry's Right to a Fair Trial

Federal Rule of Criminal Procedure 14(a) provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). The inquiry into the prejudicial effect of a joint trial involves consideration of several factors, including whether a joint trial would "compromise a specific

trial right" of the defendant, United States v. Fernandez, 388 F.3d 1199, 1241 (9th Cir. 2004), "or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).

In Bruton v. United States, 391 U.S. 123 (1968), the Supreme Court announced that the Confrontation Clause of the Sixth Amendment forbids the admission of a non-testifying codefendant's confession in a joint trial, even where the jury has been given a limiting instruction. The Supreme Court recognized that juries cannot be expected to compartmentalize damning evidence of a confession by a codefendant in determining the guilt or innocence of the non-confessing defendant. Additionally, use of such statements violates the Confrontation Clause, since the defendant would not be able to cross-examine the codefendant about the statements unless the codefendant testifies, which cannot be compelled. Bruton, 391 U.S. at 136.

The single-count indictment charges violation of 15 U.S.C. § 1 (Sherman Act), which provides that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is hereby declared to be illegal." Thus, it is only the agreement to restrain trade (*e.g.*, bid-rigging) that is prohibited.[1]

The government has put Mr. Berry on notice that it intends to introduce at trial statements alleged to have been made by co-defendant Mr. Rasheed that he, Mr. Berry, and others agreed to not bid against each other at a public foreclosure auction. Mr. Rasheed's statements concerning an alleged non-compete agreement in this context could constitute a violation of the Sherman Act.

Finally, the government has alleged multiple conspiracies as described in the notice of co-conspirator statements. Dkt. 194. The vast majority of the statements and evidence

---

[1] Unlike 18 U.S.C. § 371 conspiracy, Sherman Act conspiracy ordinarily does not require any proof beyond proof of the agreement to restrain trade. In other words, a jury need not look beyond the mere agreement to restrain trade in order to find a defendant guilty under the Sherman Act.

proffered by the government do not implicate Mr. Berry at all. Rather, the proffered statements tend to implicate co-defendants[2] in the alleged scheme—particularly Alvin Florida, Jr.

**IV. CONCLUSION**

For the foregoing reasons, Mr. Berry should be severed from the case and separate trial should be ordered since a joint trial with Mr. Rasheed would prejudice Mr. Berry's right to a fair trial.

DATED: September 14, 2016        Respectfully submitted,

*Richard Hullinger*
RICHARD HULLINGER
JOHN D. FORSYTH
Attorneys for Defendant
JOHN LEE BERRY, III

---

[2] Bizarrely, many of the interviews with alleged co-conspirators tend to implicate individuals not charged in the above-captioned case. *See* Bond Decl., Dkt. 194-1.