EDWIN PRATHER, CABN 190536
MAX MIZONO, CABN 286573
PRATHER LAW OFFICES
461 Bush Street, Suite 350
San Francisco, CA 94108
Telephone: (415) 881-7774
Email: edwin@pratherlawoffices.com
       max@pratherlawoffices.com

Attorneys for Defendant
REFUGIO DIAZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALVIN FLORIDA JR.,<br>ROBERT ALHASHASH RASHEED,<br>JOHN LEE BERRY, III,<br>REFUGIO DIAZ, and<br>STEPHAN ALEXANDER FLORIDA.<br><br>Defendants. | Case No.: CR 14-0582 PJH<br><br>**DEFENDANT REFUGIO DIAZ'S NOTICE OF MOTION AND MOTION TO SEVER DEFENDANT DIAZ PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 14**<br><br>Pretrial Conference Date: October 12, 2016<br>Time: 1:30 PM<br>Judge: The Honorable Phyllis J. Hamilton<br><br>Trial Date: October 31, 2016 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on October 12, 2016, at 1:30 p.m., or as soon thereafter as the matter may be heard, defendant REFUGIO DIAZ, by and through counsel, will and hereby does move for an order severing defendant Diaz from his co-defendants pursuant to Federal Rule of Criminal

Procedure 14(a) and requests that the Court order a separate trial.  This motion is based on this notice of motion and attached memorandum of points and authorities, the records and files in this action, and such evidence and argument as may be presented at the hearing on this motion.

Dated: September 14, 2016                                            Respectfully submitted,


                                                   /s/
                                         EDWIN PRATHER
                                         MAX MIZONO
                                         PRATHER LAW OFFICES
                                         Attorneys for Defendant
                                         REFUGIO DIAZ

# MOTION TO SEVER DEFENDANT REFUGIO DIAZ PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 14

## I. INTRODUCTION

On August 15, 2016, the government filed a Notice of Co-Conspirator Statements. Dkt. 194. The government's notice included the declaration of Federal Bureau of Investigation (FBI) Special Agent Deborah Bond, located at Docket 194-1 (hereinafter referred to as "Bond Decl."). The Bond Declaration includes a summary of Agent Bond's January 11, 2011 interview of co-defendant Robert Rasheed wherein co-defendant Rasheed purports to describes in some detail the bid-rigging and secondary auctions to FBI agents. Specifically, Agent Bond specifically states that co-defendant Rasheed also described the following:

> At times during the Alameda County foreclosure auctions, a group of investors would agree to buy properties together, fix the properties together and share the profits from the sale of the properties. This happened with a property RASHEED purchased in Emeryville, California. This known group consists of approximately ten to fifteen individuals. The group includes, but is not limited to, RASHEED, MIKE MARR, SHIELLS, BOB KRAMER, BRIAN MCKINZIE, AL FLORIDA, MIKE TAYLOR and MIKE RENQUIST. Also part of the group are MARR's employees GREG [LNU], VICTOR [LNU], and MARTINEZ [LNU]; FLORIDA's employees STEPHAN FLORIDA, and JOHN BERRY; and SHIELLS' employees DOUG [LNU], MIGUEL DESANZ and PETER MCDONOUGH.

Mr. Rasheed's statement to the FBI effectively constitutes a confession to the bid-rigging conspiracy also charged against defendant Diaz. Thus, if the government intends to introduce these purported statements of co-defendant Rasheed at trial, defendant Diaz is entitled to a severance under the Sixth Amendment to the Constitution and *Bruton v. United States,* 391 U.S. 123 (1968). Furthermore, defendant Diaz should be severed based upon the arguments articulated in Defendants' Objections to the Government's Notice of Co-Conspirator Statements (Dkt. 227) and defendant hereby incorporates the arguments and authority contained therein.

## II. STATEMENT OF FACTS

This Court is well aware of the facts of this case. Defendant Diaz respectfully refers the Court to prior pleadings for a full recitation of the facts alleged against him and his co-defendants.

### III.    ARGUMENT

**<u>Severance Should Be Granted Because a Joint Trial Prejudices Defendant Diaz's Right to a Fair Trial Pursuant to Federal Rule of Criminal Procedure 14(a)</u>**

Federal Rule of Criminal Procedure 14(a) provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).  The inquiry into the prejudicial effect of a joint trial involves consideration of several factors, including whether a joint trial would "compromise a specific trial right" of the defendant, *United States v. Fernandez,* 388 F.3d 1199, 1241 (9th Cir. 2004), "or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States,* 506 U.S. 534, 539 (1993).

In *Bruton v. United States,* 391 U.S. 123 (1968), the Supreme Court announced that the Confrontation Clause of the Sixth Amendment forbids the admission of a non-testifying co-defendant's confession in a joint trial, even where the jury has been given a limiting instruction.  The Supreme Court recognized that juries cannot be expected to compartmentalize damning evidence of a confession by a codefendant in determining the guilt or innocence of the non-confessing defendant.  Additionally, use of such statements violates the Confrontation Clause, since the defendant would not be able to cross-examine his co-defendant about the statements unless the codefendant testifies, which cannot be compelled.  *Bruton,* 391 U.S. at 136.

In the present case, the single-count indictment charges a violation of 15 U.S.C. § 1 (Sherman Act), which provides that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is hereby declared to be illegal."  The government will also argue that the mere agreement to restrain trade – in other words, bid-rigging – is the prohibited act.[1]

---

[1] Unlike 18 U.S.C. § 371 conspiracy, Sherman Act conspiracy is a does not require any proof beyond proof of the agreement.  In other words, a jury need not look beyond the mere agreement in order to find a defendant guilty of restraint of trade under the Sherman Act.

The government's case against defendant Diaz will necessarily involve introducing statements at trial made by co-defendant Rasheed. While Agent Bond's summary of co-defendant Rasheed's statement does not name defendant Diaz by name, the summary does reference "[Alvin] Florida's Employees." It is also clear that it is part of the government's case against defendant Diaz that he is an employee of Alvin Florida along with co-defendants Stephan Florida and John Berry. The government intends to introduce co-defendant Rasheed's confession that he and other co-defendants agreed to not bid against each other at a public foreclosure auction. Co-defendant Rasheed's statements concerning an alleged non-compete agreement in this context would constitute a violation of the Sherman Act.

Finally, the government has alleged multiple conspiracies as described in the notice of co-conspirator statements. Dkt. 194. The vast majority of the statements and evidence proffered by the government do not implicate defendant Diaz at all. Rather, the proffered statements tend to implicate co-defendants[2] in the alleged scheme—particularly co-defendant Alvin Florida, Jr.

## IV. CONCLUSION

For the foregoing reasons, defendant Diaz should be severed from the case and separate trial should be ordered as a joint trial with co-defendant Rasheed would prejudice defendant Diaz's right to a fair trial.

Dated: September 14, 2016                  Respectfully submitted,

                                             /s/
                                       EDWIN PRATHER
                                       MAX MIZONO
                                       PRATHER LAW OFFICES
                                       Attorneys for Defendant
                                       REFUGIO DIAZ

---

[2]     Many of the interviews with alleged co-conspirators tend to implicate individuals not charged in the above-captioned case. *See* Bond Decl., Dkt. 194-1.