SHAFFY MOEEL, ESQ.
Cal State SBN 238732
MOEEL LAW OFFICE
214 Duboce Ave.
San Francisco, CA 94103
Telephone: (415) 735-5021
Facsimile: (415) 255-8631
Email: shaffymoeel@gmail.com

Attorney for Defendant
ALVIN FLORIDA JR.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 14-00582 PJH |
| Plaintiff, | |
| v. | |
| ALVIN FLORIDA JR., et al., | Date: October 12, 2016<br>Time: 1:30 p.m. |
| Defendants. | Before the Honorable Phyllis J. Hamilton<br>United States District Judge |

| | |
|---|---|
| 1 | TO:    UNITED STATES OF AMERICA, PLAINTIFF; AND |
| 2 | MANISH KUMAR, ASSISTANT TRIAL ATTORNEY ANTITRUST DIVISION; AND ALBERT SAMBAT, ASSISTANT TRIAL ATTORNEY ANTITRUST DIVISION; AND SUSAN ASHLEY MUSSER, TRIAL ATTORNEY ANTITRUST DIVISION, AND TO THE |
| 3 | CLERK OF THE ABOVE-ENTITLED COURT: |

PLEASE TAKE NOTICE that on October 12, 2016, at 1:30 p.m., or as soon thereafter as the matter may be heard, defendant ALVIN FLORIDA JR., by and through counsel, SHAFFY MOEEL, will and hereby does move for an order severing Mr. Florida from his co-defendants pursuant to Federal Rule of Criminal Procedure 14(a) and requests that the Court order a separate trial. This motion is based on this notice of motion and attached memorandum of points and authorities, the records and files in this action, and such evidence and argument as may be presented at the hearing on this motion.

Dated: September 14, 2016           Respectfully submitted,

                                       ____/s/_____

                                       SHAFFY MOEEL

                                       Attorneys for Defendant ALVIN FLORIDA JR.

# MOTION TO SEVER DEFENDANT REFUGIO DIAZ PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 14

## I. INTRODUCTION

On August 15, 2016, the government filed a Notice of Co-Conspirator Statements. Dkt. 194. The government's notice included the declaration of Federal Bureau of Investigation (FBI) Special Agent Deborah Bond, located at Docket 194-1 (hereinafter referred to as "Bond Decl."). The Bond Declaration includes a summary of Agent Bond's January 11, 2011 interview of co-defendant Robert Rasheed wherein co-defendant Rasheed purports to describe in some detail the bid-rigging and secondary auctions to FBI agents. Specifically, Agent Bond states that co-defendant Rasheed made the following statements:

> At times during the Alameda County foreclosure auctions, a group of investors would agree to buy properties together, fix the properties together and share the profits from the sale of the properties. This happened with a property RASHEED purchased in Emeryville, California. This known group consists of approximately ten to fifteen individuals. The group includes, but is not limited to, RASHEED, MIKE MARR, SHIELLS, BOB KRAMER, BRIAN MCKINZIE, AL FLORIDA, MIKE TAYLOR and MIKE RENQUIST. Also part of the group are MARR's employees GREG [LNU], VICTOR [LNU], and MARTINEZ [LNU]; FLORIDA's employees STEPHAN FLORIDA, and JOHN BERRY; and SHIELLS' employees DOUG [LNU], MIGUEL DESANZ and PETER MCDONOUGH.

Mr. Rasheed's statement to the FBI effectively constitutes a confession to the bid-rigging conspiracy also charged against Mr. Alvin Florida Jr.. Thus, if the government intends to introduce these purported statements of co-defendant Rasheed at trial, Mr. Florida is entitled to a severance under the Sixth Amendment to the Constitution and *Bruton v. United States*, 391 U.S. 123 (1968). Furthermore, Mr. Florida should be severed based upon the arguments articulated in Defendants' Objections to the Government's Notice of Co-Conspirator Statements (Dkt. 227) and Mr. Florida hereby incorporates the arguments and authority contained therein.

## II. STATEMENT OF FACTS

This Court is well aware of the facts of this case. Mr. Florida respectfully refers the Court to prior pleadings for a full recitation of the facts alleged against him and his co-defendants.

## III. ARGUMENT

## Severance Should Be Granted Because a Joint Trial Prejudices Defendant Diaz's Right to a Fair Trial Pursuant to Federal Rule of Criminal Procedure 14(a)

Federal Rule of Criminal Procedure 14(a) provides, "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The inquiry into the prejudicial effect of a joint trial involves consideration of several factors, including whether a joint trial would "compromise a specific trial right" of the defendant, *United States v. Fernandez*, 388 F.3d 1199, 1241 (9th Cir. 2004), "or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court announced that the Confrontation Clause of the Sixth Amendment forbids the admission of a non-testifying co-defendant's confession in a joint trial, even where the jury has been given a limiting instruction. The Supreme Court recognized that juries cannot be expected to compartmentalize damning evidence of a confession by a codefendant in determining the guilt or innocence of the non-confessing defendant. Additionally, use of such statements violates the Confrontation Clause, since the defendant would not be able to cross-examine his co-defendant about the statements unless the codefendant testifies, which cannot be compelled. *Bruton*, 391 U.S. at 136.

In the present case, the single-count indictment charges a violation of 15 U.S.C. § 1 (Sherman Act), which provides that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is hereby declared to be illegal." The government will also argue that the mere agreement to restrain trade – in other words, bid-rigging – is the prohibited act[1]. The government's case against Mr. Florida will necessarily involve introducing statements at trial made by co-defendant Rasheed. Agent Bond's summary of Mr. Rasheed's

---

[1] Unlike 18 U.S.C. § 371 conspiracy, Sherman Act conspiracy is a does not require any proof beyond proof of the agreement. In other words, a jury need not look beyond the mere agreement in order to find a defendant guilty of restraint of trade under the Sherman Act.

-4-
MOTION TO SEVER
NO. CR 14-00582 PJH

statement names Mr. Florida by name. The government intends to introduce Mr. Rasheed's confession that he and other co-defendants agreed to not bid against each other at a public foreclosure auction. Mr. Rasheed's statements concerning an alleged non-compete agreement in this context would constitute a violation of the Sherman Act. Mr. Rasheed's statements are highly prejudicial against Mr. Florida. These statements against Mr. Florida at a joint trial present the exact problem and prejudice against Mr. Florida found impermissible by the Supreme Court in *Bruton*.

### IV. CONCLUSION

For the foregoing reasons, because a joint trial would prejudice Mr. Florida's right to a fair trial pursuant to the Sixth Amendment to the Constitution, Mr. Florida's case should be severed from his co-defendants.

Dated: September 14, 2016　　　　　　　　　　　　　Respectfully Submitted,


　　　　　　　　　　　　　　　　　　　　　　　　　____/s/_____

　　　　　　　　　　　　　　　　　　　　　　　　　SHAFFY MOEL

　　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant ALVIN

　　　　　　　　　　　　　　　　　　　　　　　　　FLORIDA,JR.