MANISH KUMAR (CSBN 269493)
ALBERT B. SAMBAT (CSBN 236472)
SUSAN A. MUSSER (MOBN 63116)
ASHLEY EICKHOF (CSBN 307143)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
ashley.eickhof@usdoj.gov
Telephone: (415) 934-5300

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALVIN FLORIDA, JR.,<br>ROBERT ALHASHASH RASHEED,<br>JOHN LEE BERRY, III,<br>REFUGIO DIAZ, and<br>STEPHAN ALEXANDER FLORIDA,<br><br>Defendants. | CASE NO. CR 4:14-00582 PJH<br><br>**UNITED STATES' PROPOSED JURY INSTRUCTIONS**<br><br>Pretrial Conference: October 12, 2016<br>Court: Hon. Chief Judge Phyllis J. Hamilton<br>Trial Date: October 31, 2016 |

The United States respectfully submits the attached proposed jury instructions in accordance with the Court's pretrial order (doc. no. 120). Where applicable changes to the model jury instructions – either the 9th Circuit Model Jury Instructions or the ABA Model Jury Instructions for Antitrust Cases – are redlined in the below proposed instructions.

    **A.**    **Instructions During Course of Trial**

    1.    2.4 - Stipulations of Fact

    **B.**    **Other Instructions at End of Case**

    2.    4.1 - Statements by Defendant

| | |
|---|---|
| 1 | 3.     4.3 - Other Crimes, Wrongs or Acts of Defendant |
| 2 | 4.     Elements of the Bid-Rigging Offenses |
| 3 | 5.     8.23 - Conspiracy – Knowledge Of and Association With Other Conspirators |
| 4 | 6.     Bid Rigging |
| 5 | 7.     *Per Se* Violations of the Antitrust Laws |
| 6 | 8.     5.6 – Knowingly |
| 7 | 9.     Sherman Act Conspiracy – Proof of Overt Act Unnecessary |
| 8 | 10.    Interstate Commerce |
| 9 | 11.    Venue |

The United States respectfully requests leave to propose additional instructions as may become appropriate during the course of the trial.

DATED: September 14, 2016                        Respectfully submitted,

                                            /s/
                                     ASHLEY EICKHOF
                                     MANISH KUMAR
                                     ALBERT B. SAMBAT
                                     SUSAN A. MUSSER
                                     Antitrust Division
                                     U.S. Department of Justice

| | |
|---|---|
| 1 | UNITED STATES' INSTRUCTION NO. 1 |
| 2 | STIPULATIONS OF FACT |

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

9TH CIR. CRIM. JURY INST. 2.4 (2010)

| | |
|---|---|
| 1 | UNITED STATES' INSTRUCTION NO. 2 |
| 2 | STATEMENTS BY DEFENDANT |

You have heard testimony that a defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

9TH CIR. CRIM. JURY INST. 4.1 (2010)

| | |
|---|---|
| 1 | # UNITED STATES' INSTRUCTION NO. 3 |
| 2 | ## OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT |

You have heard evidence that the defendant committed other [crimes] [wrongs] [acts] not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose. [You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.]

9TH CIR. CRIM. JURY INST. 4.3 (2010)

No. CR 4:14-00582 PJH
US' JURY INSTRCTNS.                4

| | |
|---|---|
| 1 | UNITED STATES' INSTRUCTION NO. 4 |
| 2 | ELEMENTS OF THE BID-RIGGING OFFENSES |

Defendants are charged in Count One with bid rigging, in violation of the Sherman Act, Section 1 of Title 15 of the United States Code. In order to establish the offense of conspiracy to rig bids as charged in the indictment, the government must prove each of these elements beyond a reasonable doubt:

*One*, that the conspiracy described in the indictment existed at or about the time alleged:

*Two*, that the defendant knowingly became a member of the conspiracy; and,

*Three*, that the conspiracy described in the indictment either affected interstate commerce ~~in goods or services~~ or occurred within the flow of interstate commerce ~~in goods and services~~.

If you find from your consideration of all the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all of the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

AUTHORITY: ABA Section of Antitrust Law, *Model Jury Instructions in Criminal Antitrust Cases* (2009) (Elements of the Offense) (modifications redlined).

UNITED STATES' INSTRUCTION NO. 5

CONSPIRACY – KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with [the other defendant] [or] [other conspirators] in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

9TH CIR. CRIM. JURY INST. 8.23 (2010)

No. CR 4:14-00582 PJH
US' JURY INSTRCTNS.                6

| | |
|---|---|
| 1 | UNITED STATES' INSTRUCTION NO. 6 |
| 2 | BID RIGGING |

The indictment charges the defendants with conspiring to rig bids. <ins>Under the first element and for purposes of a violation of the Sherman Antitrust Act,</ins> [a] conspiracy to rig bids is an agreement between two or more persons to eliminate, reduce or interfere with competition for <del>a job or contract</del><ins>something</ins> that is to be awarded on the basis of bids. A conspiracy to rig bids may be an agreement among competitors about the prices to be bid, who should be the successful bidder, who should bid high, who should bid low, or who should refrain from bidding; or any other agreement with respect to bidding that affects, limits, or avoids competition among them.

The aim and result of every bid-rigging agreement, if successful, is the elimination of one form of competition.

If you should find that the defendants entered into an agreement to rig bids, the fact that the defendants or their coconspirators did not abide by it, or that one or more of them may not have lived up to some aspect of the agreement, or that they may not have been successful in achieving their objectives, is not a defense. The agreement is the crime, even if it was never carried out.

Evidence that the defendants and alleged coconspirators actually competed with each other has been admitted to assist you in deciding whether they actually entered into an agreement to rig bids. If the conspiracy charged in the indictment is proved, it is no defense that the conspirators actually competed with each other in some manner or that they did not conspire to eliminate all competition. Nor is it a defense that the conspirators did not attempt to collude with all of their competitors. Similarly, the conspiracy is unlawful even if it did not extend to all <del>products [services] sold by the conspirators or did not affect all of their customers</del> <ins>properties sold at the auctions during the conspiracy period</ins>.

/ /
/ /
/ /
/ /
/ /

No. CR 4:14-00582 PJH
US' JURY INSTRCTNS.                                  7

1  ~~[Evidence of the bids submitted by the defendants and alleged coconspirators has been~~
2  ~~admitted to assist you in deciding whether they entered into an agreement to rig bids. Such evidence~~
3  ~~may lead you to conclude that the defendants never entered into the agreement charged in the indictment~~
4  ~~or that they did enter into an agreement; or it may show that they made an agreement but never failed to~~
5  ~~live up to it, or started undercutting one another right away, or submitted bids lower than those agreed~~
6  ~~upon to customers that they did not want to lose. Or it may show that they became convinced the whole~~
7  ~~scheme was unwise and should be abandoned. Regardless of this type of evidence, if the conspiracy as~~
8  ~~charged existed, for any period of time, it was unlawful.]~~
9  ~~[Evidence of similarity of business practices of the defendants and alleged~~
10 ~~coconspirators, or the fact that defendants may have submitted identical bids, does not alone establish an~~
11 ~~agreement to rig bids, since such activities may be consistent with ordinary and proper competitive~~
12 ~~behavior in a free and open market.]~~
13 ~~[The defendants and alleged coconspirators may bid the same price, choose not to bid, or~~
14 ~~submit a high bid; and such conduct would not violate the Sherman Act, unless you find it was done~~
15 ~~pursuant to an agreement between two or more conspirators, as alleged in the indictment.]~~
16 ~~[Nevertheless, you may consider such facts and circumstances along with all other~~
17 ~~evidence in determining whether the [evidence of bids actually submitted] [similarity of business~~
18 ~~practices] [similarity of bids] resulted from the independent acts or business judgment of the defendants~~
19 ~~and alleged coconspirators freely competing in the open market, or whether it resulted from an~~
20 ~~agreement among or between two or more of them.]~~
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 AUTHORITY: ABA Section of Antitrust Law, *Model Jury Instructions in Criminal Antitrust Cases* 54-56, 61-63 (2009) (modifications redlined).

| | |
|---|---|
| 1 | UNITED STATES' INSTRUCTION NO. 7 |
| 2 | PER SE VIOLATIONS OF THE ANTITRUST LAWS |

The Sherman Act makes unlawful certain agreements that, because of their harmful effect on competition and lack of any redeeming virtue, are conclusively presumed to be illegal, without inquiry about the precise harm they have caused or the business excuse for their use. Included in this category of unlawful agreements are agreements to [fix prices] rig bids. [allocate customers] [allocate territories].

Therefore, if you find that the government has met its burden with respect to each of the elements of the charged offense, you need not be concerned with whether the agreement was reasonable or unreasonable, the justifications for the agreement, or the harm, if any, done by it. It is not a defense that the parties may have acted with good motives, or may have thought that what they were doing was legal, or that the conspiracy may have had some good results. [If there was, in fact, a conspiracy as charged in the indictment, it was illegal.]

AUTHORITY: ABA Section of Antitrust Law, *Model Jury Instructions in Criminal Antitrust Cases* 54 (2009) (modifications redlined); *United States v. Brown*, 936 F.2d 1042, 1046 (9th Cir. 1991); *Plymouth Dealers' Ass'n of No. Cal. v. United States*, 279 F.2d 128 (1960); *United States v. Koppers Co.*, 652 F.2d 290, 296 n.6 (2d Cir.), *cert denied*, 454 U.S. 1083 (1981); *Catalano, Inc. v. Target Sales Inc.*, 446 U.S. 643, 646 (1980); *United States v. Gary Swanson*, 06-CR-00692 PJH (N.D. Cal. 2007)

| | |
|---|---|
| 1 | UNITED STATES' INSTRUCTION NO. 8 |
| 2 | <u>KNOWINGLY</u> |

An act is done knowingly if a defendant is aware of the act and does not {act or} {fails to act} through ignorance, mistake, or accident. {The government is not required to prove that a defendant knew that his or her acts or omissions were unlawful.} You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

9TH CIR. CRIM. JURY INST. 5.6 (2010)

1  UNITED STATES' INSTRUCTION NO. 9

2  SHERMAN ACT CONSPIRACY - PROOF OF OVERT ACT UNNECESSARY

The government does not have to prove that a defendant actually took some overt action to further or accomplish the alleged conspiracy or that the defendant actually ~~[fixed prices]~~ [rigged bids] ~~[allocated customers] [allocated territories]~~.  What the antitrust laws condemn is the agreement or understanding itself.  In other words, the mere agreement or understanding, whether formal or informal, to ~~[fix prices]~~ [rig bids~~] [allocate customers] [allocate territories]~~ constitutes the offense, so it is not necessary for the government to prove that the alleged conspiracy was ever actually carried out or that its purpose was ever accomplished.

AUTHORITY: ABA Section of Antitrust Law, *Model Jury Instructions in Criminal Antitrust Cases* 69 (2009) (modifications redlined).

1                    UNITED STATES' INSTRUCTION NO. 10

2                              INTERSTATE COMMERCE

3       The third element of a bid-rigging offense is that the bid-rigging conspiracy must involve

4  interstate commerce. Interstate commerce means, simply, the transaction of business across a state line,

5  or the movement of goods or money across a state line in the course of business transactions. It is a

6  question of fact for you to determine whether the charged conspiracy was in restraint of interstate

7  commerce. In this regard, interstate commerce is not a technical legal question, but a practical one

8  based upon the facts establishing the manner in which a business operates.

9       The government must prove the interstate commerce element beyond a reasonable doubt and it

10 can meet this burden by proving that the conspiracy charged in the indictment occurred in the flow of

11 interstate commerce or that it affected interstate commerce or both.

12      To decide whether the charged conspiracy was "in the flow" of interstate commerce, you must

13 determine whether the activities of the charged conspiracy were an essential part of a real estate

14 transaction across state lines. While real estate remains physically in one state, money from real estate

15 transactions can be in the flow of interstate commerce. Funds in interstate commerce are considered in

16 commerce until they reach the point where their movement is intended to end. A temporary pause in

17 their transit does not necessarily mean that the funds are no longer in commerce – where there is a

18 practical continuity of movement, funds remain in commerce until they reach their final destination. If

19 you find that the rigged foreclosure sales at the Alameda County real estate auctions were an essential

20 part of interstate foreclosure transactions involving the transfer of funds from the State of California to

21 entities in other states, then the conspiracy is in the flow of interstate commerce and therefore the

22 interstate commerce element is proven for the bid-rigging count. If the charged conspiracy occurs

23 within the flow of interstate commerce, whether the conspiracy affected that commerce is irrelevant.

24 The amount of funds transferred is also irrelevant.

25      To decide whether the charged conspiracy affects "interstate commerce," you must determine

26 whether the defendants' business activities had an effect on some appreciable activity occurring in

27 interstate commerce. The relevant business activity here is the purchase of real estate at foreclosure

28 sales. A conspiracy may affect interstate commerce even though some or all of the conspirators do not

themselves engage in interstate commerce and have confined their activities to a single state. Even though a defendant's activities may have been completely local in nature, you may find that the conspiracy involved interstate commerce if the defendant's activities affected more than an insignificant amount of trade between the states. In determining whether the charged conspiracy has had such an effect on interstate commerce, you may add together the total amount of all of the interstate transactions conducted by the conspirators in furtherance of the conspiracy. The government's proof need not quantify or value any adverse impact of the charged conspiracy or show that the charged conspiracy had an anticompetitive effect.

You may find that the charged conspiracy was both in the flow of and affected interstate commerce. These are not bright line, mutually exclusive tests. But the government does not have to prove both. Rather, it meets its burden if it proves the charged conspiracy was either in the flow of interstate commerce or affects interstate commerce.

Proof of interstate commerce as to one defendant or coconspirator in the conspiracy charged in the indictment satisfies the interstate commerce element as to every defendant.

AUTHORITY: Instruction No. 17, *United States v. Guthrie*, No. 92-CR-168, reprinted at 814 F. Supp. 942, 947 (E.D. Wash. 1993); ABA Section of Antitrust Law, *Model Jury Instructions in Criminal Antitrust Cases*, 82-83 (2009); *McClain v. Real Estate Board of New Orleans*, 444 U.S. 232 (1980); *Palmer v. Roosevelt Lake Log Owners Assoc., Inc.*, 651 F.2d 1289, 1292 (9th Cir. 1981) (no quantification required). *W. Waste Serv. Sys. v. Universal Waste Control*, 616 F.2d 1094, 1097 (9th Cir. 1980) (interstate commerce may be established by inquiry is into the defendants' business activities independent of the violations). *Turf Paradise, Inc. v. Arizona Downs*, 670 F.2d 813 (1982) ("To meet the 'effect on commerce' test, Turf need only allege that the local activity of horseracing has a substantial effect on interstate commerce, not the 'more particularized showing' that the alleged illegal conduct, the lease provision, has a substantial effect on interstate commerce." (quoting *McLain v. Real Estate Bd. of New Orleans*, 444 U.S. 232, 242-43 (1980))). *Musick v. Burke*, 913 F.2d 1390, 1395 (9th Cir. 1990) ("Appellants must make a showing of a substantial effect on interstate commerce generated either by appellees' general business activities, or by the alleged antitrust violations themselves . . . ." (internal citations omitted)). *United States v. Guthrie*, 17 F.3d 397, at *4 (9th Cir. 1994) (Unpublished Table Op.). *United States v. Romer*, 148 F.3d 359, 365 (4th Cir. 1998).

No. CR 4:14-00582 PJH
US' JURY INSTRCTNS. 13

| | |
|---|---|
| 1 | UNITED STATES' INSTRUCTION NO. 11 |
| 2 | <u>VENUE</u> |

Before you can find any defendant guilty of committing the crime charged in the indictment, you must find by a preponderance of the evidence that, ~~between [beginning date] and [end date]~~ <u>during the period from about May 2008 to on or about December 2010</u>, ~~the conspiratorial agreements or~~ some act in furtherance of the bid-rigging conspiracy occurred in the ~~[name of judicial district]~~ Northern District of California. The district includes ~~[counties]~~ <u>Alameda County</u>.

To prove something by a preponderance of the evidence is to prove it is more likely true than not true. This is a lesser standard than "beyond a reasonable doubt."

AUTHORITY: ABA Section of Antitrust Law, *Model Jury Instructions in Criminal Antitrust Cases* 85 (2009) (modifications redlined); *United States v. Powell*, 498 F.2d 890, 891 (9th Cir. 1974) (rejecting application of the reasonable doubt standard for venue determination, and holding that venue must be proved simply by a preponderance).