MANISH KUMAR (CSBN 269493)
ALBERT B. SAMBAT (CSBN 236472)
SUSAN A. MUSSER (MOBN 63116)
ASHLEY EICKHOF (CSBN 307143)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Susan.Musser@usdoj.gov
Telephone: (415) 934-5300

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALVIN FLORIDA, JR.,<br>ROBERT ALHASHASH RASHEED,<br>JOHN LEE BERRY, III,<br>REFUGIO DIAZ, and<br>STEPHAN ALEXANDER FLORIDA,<br><br>Defendants. | CASE NO. CR 14-00582 PJH<br><br>**UNITED STATES' NOTICE OF INTENT TO INTRODUCE EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404(B)**<br><br>Court: Hon. Chief Judge Phyllis J. Hamilton<br>Trial Date: October 31, 2016 |

    The United States hereby provides notice as required by Criminal Local Rule 16-1(c)(3) that it intends to introduce evidence of other acts of defendant Alvin Florida at trial. The other acts described below are either admissible as inextricably intertwined with the bid-rigging conspiracy or admissible under Federal Rule of Evidence 404(b) because they are probative of defendant Alvin Florida's intent, lack of mistake, knowledge, and *modus operandi* of the bid-rigging agreements and rounds that form the basis of the Sherman Act count he is charged with in the indictment.

    The government currently anticipates calling two witnesses who will explain how Alvin Florida's ("Florida") business operated and Florida's record-keeping practice for properties that were

rigged prior to the charged conspiracy period: Brian McKinzie, a former employee of Florida, and Douglas Ditmer, a former client.

The government may elicit testimony from McKinzie and Ditmer regarding defendant Florida's business practices based on their personal knowledge, including:

- The structure of the business, including who was employed, the employees' duties, and the employees' compensation;
- Florida's methods of selecting properties to invest in for himself or clients;
- Florida's strategies for representing investors and acquiring properties at the auctions;
- The various services Florida provided to his clients, such as property research services; and,
- Florida's record-keeping practices in connection with agreements not to compete and rounds when acquiring properties at the foreclosure auctions.

Although the government is providing notice in an abundance of caution, this testimony is not 404(b) evidence. First, testimony about the structure of Florida's business organization and his general business practices is not "other crimes, wrongs, or acts." Rule 404(b). To the extent witness testimony regarding Florida's prior business practices constitutes an "act," it is necessary to tell "a coherent and comprehensible story regarding the commission of the crime." *United States v. Anderson*, 741 F.3d 938, 949 (9th Cir. 2013). Testimony regarding the basis for witnesses' familiarity with how Florida maintained records for properties sold at the foreclosure auctions, including recordation of payoffs made to purchase those properties on behalf of or with his clients, explains the general nature of Florida's business activity and, as such, is inextricably intertwined with the charged conspiracy and not Rule 404(b) evidence. *United States v. King*, 200 F.3d 1207, 1214 (9th Cir. 1999) (testimony regarding general nature of business is "inextricably intertwined" with evidence of the crime charged).

Even if the Court determined that the testimony at issue is not inextricably intertwined with the charged conspiracy, it would still be admissible under Federal Rule of Evidence 404(b). This evidence will be introduced to show Florida's intent, knowledge, lack of mistake, and *modus operandi*. Evidence of prior uncharged anticompetitive conspiracies is probative of knowledge, intent, and lack of mistake in cases alleging a violation of the Sherman Act. *See, e.g.*, *United States v. Southwest Bus Sales*, 20 F.3d 1449, 1455-56 (8th Cir. 1994) ("Rule 404(b) evidence has been admitted to prove intent and lack of

mistake in Sherman Act and mail fraud trials."). The anticipated testimony will also show a common *modus operandi* between the bid-rigging conduct that the witnesses previously observed and the charged conduct. Given these similarities, the testimony is highly probative of Florida's bid-rigging practices as charged in the indictment. *See United States v. Marashi*, 913 F.2d 724, 735 (9th Cir. 1990) (admitting evidence that defendant previously erased entries in his billing books to establish the *modus operandi* of defendants' tax evasion because the double set of appointment books as well as the erasing of information was similar to the charged double-ledger scheme.).

The purpose of this notice is to comply with Criminal Local Rule 16-1(c)(3). This notice is submitted in an abundance of caution, as the anticipated testimony described in this notice is inextricably intertwined with the charged conspiracy. Alternatively, the government may argue that the anticipated testimony meets the requirements for admission under Rule 404(b) and is probative of material issues in this case – Florida's knowledge, *modus operandi*, lack of mistake, and intent to enter into the charged bid-rigging conspiracy. The government reserves the right to supplement or revise this notice as it prepares witnesses for trial.

DATED: September 14, 2016  Respectfully submitted,

_____/s/_____
Susan A. Musser
Manish Kumar
Al Sambat
Ashley Eickhof
Trial Attorneys
Antitrust Division
U.S. Department of Justice