1  MANISH KUMAR (CSBN 269493)
   ALBERT B. SAMBAT (CSBN 236472)
2  SUSAN A. MUSSER (MOBN 63116)
   ASHLEY EICKHOF (CSBN 307143)
3  U.S. Department of Justice
   Antitrust Division
4  450 Golden Gate Avenue
   Box 36046, Room 10-0101
5  San Francisco, CA 94102
   ashley.eickhof@usdoj.gov
6  Telephone: (415) 934-5300
7
8  Attorneys for United States of America
9
                    UNITED STATES DISTRICT COURT
10
                    NORTHERN DISTRICT OF CALIFORNIA
11
                          OAKLAND DIVISION
12
13  UNITED STATES OF AMERICA          CASE NO. CR 4:14-00582 PJH

14              v.                    **JOINTLY PROPOSED JURY INSTRUCTIONS**

15                                    Pretrial Conference:  October 12, 2016
    ALVIN FLORIDA, JR.,               Court:  Hon. Phyllis J. Hamilton
16  ROBERT ALHASHASH RASHEED,         Trial Date:  October 31,  2016
    JOHN LEE BERRY, III,
17  REFUGIO DIAZ, and
    STEPHAN ALEXANDER FLORIDA,
18
19
                    Defendants.
20

21          The parties respectfully submit the attached proposed jury instructions in accordance with the

22  Court's pretrial order (doc. no. 120).  The Court's standard jury instructions specified in the pretrial

23  order are marked with a single asterisk; case-specific instructions that are being jointly requested by the

24  parties are marked with a double asterisk.

25      **A.      Preliminary Instructions**

26          1.      1.1 - Duty of Jury*

27          2.      1.2 - The Charge – Presumption of Innocence*

28          3.      1.3 - What is Evidence*

4.      1.4 - What is Not Evidence*

5.      1.5 - Direct and Circumstantial Evidence*

6.      1.6 - Ruling on Objections*

7.      1.7 - Credibility of Witnesses*

8.      1.8 - Conduct of the Jury*

9.      1.9 - No Transcript Available to Jury*

10.     1.10 - Taking Notes*

11.     1.11 - Outline of Trial*

12.     1.13 - Separate Consideration for Each Defendant**

**B.     Instructions During Course of Trial**

13.     2.1 - Cautionary Instruction – First Recess*

14.     2.2 - Bench Conferences and Recesses*

15.     2.7 - Transcript of Recording in English**

16.     2.11 - Evidence for Limited Purpose*

**C.     General Instructions at End of Case**

17.     3.1 - Duties of Jury to Find Facts and Follow Law*

18.     3.2 - Charge Against Defendant Not Evidence - Presumption of Innocence - Burden of
        Proof*

19.     3.3 - Defendant's Decision Not to Testify*

20.     3.4 - Defendant's Decision to Testify*

21.     3.5 - Reasonable Doubt – Defined*

22.     3.6 - What is Evidence*

23.     3.7 - What is Not Evidence*

24.     3.8 - Direct and Circumstantial Evidence*

25.     3.9 - Credibility of Witnesses*

26.     3.10 - Activities Not Charged**

27.     3.12 - Separate Consideration of Single Count – Multiple Defendants**

28.     3.20 - On or About Defined**

**D.     Other Instructions at End of Case**

29.     4.9 - Testimony of Witnesses Involving Special Circumstances - Immunity, Benefits, Accomplice, Plea**

30.     4.15 - Charts and Summaries Not Received in Evidence**

31.     4.16 - Charts and Summaries in Evidence**

**E.     Jury Deliberations**

32.     7.1 - Duty to Deliberate*

33.     7.2 - Consideration of Evidence - Conduct of the Jury*

34.     7.3 - Use of Notes*

35.     7.4 - Jury Consideration of Punishment*

36.     7.5 - Verdict Forms*

37.     7.6 - Communication with Court*


The parties respectfully request leave to propose additional instructions as may become appropriate during the course of the trial.


DATED:  September 14, 2016                    Respectfully submitted,


____/s/_____                    ____/s/_____
SHAFFY MOEEL                                       EDWIN PRATHER
Attorney for Defendant                             Attorney for Defendant
ALVIN FLORIDA, JR.                                 REFUGIO DIAZ


____/s/_____                    ____/s/_____
STEVEN GRUEL                                       DARRYL STALLWORTH
Attorney for Defendant                             Attorney for Defendant
ROBERT ALHASHASH RASHEED                           STEPHAN ALEXANDER FLORIDA


____/s/_____                    ____/s/_____
JOHN FORSYTH                                       ASHLEY EICKHOF
Attorney for Defendant                             MANISH KUMAR
JOHN LEE BERRY, III                                ALBERT B. SAMBAT
                                                   SUSAN A. MUSSER
                                                   Antitrust Division
                                                   U.S. Department of Justice

1

JOINT INSTRUCTION NO. 1

2

<u>DUTY OF JURY</u>

3       Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something

4  about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will

5  give you more detailed instructions that will control your deliberations.  When you deliberate, it will be

6  your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide

7  the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree

8  with the law or not.  You must decide the case solely on the evidence and the law before you and must

9  not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  Please do not

10  take anything I may say or do during the trial as indicating what I think of the evidence or what your

11  verdict should be—that is entirely up to you.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  9TH CIR. CRIM. JURY INSTR. 1.1 (2010)

JOINT INSTRUCTION NO. 2

THE CHARGE – PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges all of the defendants with one count of bid rigging. The charges against the defendants are contained in the indictment. The indictment simply describes the charges the government brings against the defendants. The indictment is not evidence and does not prove anything.

The defendants have pleaded not guilty to the charges and are presumed innocent unless and until the government proves the defendants guilty beyond a reasonable doubt. In addition, the defendants have the right to remain silent and never have to prove innocence or to present any evidence.

[In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, which the government must prove to make its case: [supply brief statements of elements of crimes[s].

Bid-Rigging Charges

*First*, that the bid-rigging conspiracy described in the indictment existed at or about the time specified in the indictment;

*Second*, that the defendant knowingly became a member of the conspiracy; and

*Third*, that the bid-rigging conspiracy described in the indictment either affected interstate commerce in goods or services or occurred within the flow of interstate commerce in goods and services.]

9TH CIR. CRIM. JURY INSTR. 1.2 (2010); ABA Section of Antitrust Law, *Model Jury Instructions in Criminal Antitrust Cases* 47 (2009) (modifications redlined).

JOINT INSTRUCTION NO. 3

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

# JOINT INSTRUCTION NO. 4

## WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

      (1)      statements and arguments of the attorneys;

      (2)      questions and objections of the attorneys;

      (3)      testimony that I instruct you to disregard; and

      (4)      anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

JOINT INSTRUCTION NO. 5

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

# JOINT INSTRUCTION NO. 6

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

9TH CIR. CRIM. JURY INSTR. 1.6 (2010)

JOINT INSTRUCTION NO. 7

<u>CREDIBILITY OF WITNESSES</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

      (1)    the witness's opportunity and ability to see or hear or know the things testified to;

      (2)    the witness's memory;

      (3)    the witness's manner while testifying;

      (4)    the witness's interest in the outcome of the case, if any;

      (5)    the witness's bias or prejudice, if any;

      (6)    whether other evidence contradicted the witness's testimony;

      (7)    the reasonableness of the witness's testimony in light of all the evidence; and

      (8)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

9TH CIR. CRIM. JURY INST. 1.7 (2010)

No. CR 4:14-00582 PJH
JOINT JURY INSTRCTNS.       7

JOINT INSTRUCTION NO. 8

<u>CONDUCT OF THE JURY</u>

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do

any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

9TH CIR. CRIM. JURY INSTR. 1.8 (2010)

JOINT INSTRUCTION NO. 9

NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

9TH CIR. CRIM. JURY INSTR. 1.9 (2010)

JOINT INSTRUCTION NO. 10

<u>TAKING NOTES</u>

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

9TH CIR. CRIM. JURY INSTR. 1.10 (2010)

JOINT INSTRUCTION NO. 11

<u>OUTLINE OF TRIAL</u>

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

# JOINT INSTRUCTION NO. 12

## SEPARATE CONSIDERATION FOR EACH DEFENDANT

Although the defendants are being tried together, you must give separate consideration to each defendant. In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendants. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendants.

# JOINT INSTRUCTION NO. 13

## CAUTIONARY INSTRUCTION – FIRST RECESS

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

9TH CIR. CRIM. JURY INST. 2.1 (2010)

JOINT INSTRUCTION NO. 14

<u>BENCH CONFERENCES AND RECESSES</u>

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference.

9TH CIR. CRIM. JURY INST. 2.2 (2010)

# JOINT INSTRUCTION NO. 15

## TRANSCRIPT OF RECORDING IN ENGLISH

You are about to hear a recording that has been received in evidence.  A transcript of the recording is being provided to help you identify speakers and to help you decide what the speakers say.  Remember that the recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you heard is controlling.  Listen carefully; the transcript will not be available during your deliberations.

9TH CIR. CRIM. JURY INSTR. 2.7 (2010)

JOINT INSTRUCTION NO. 16

<u>EVIDENCE FOR LIMITED PURPOSE</u>

You are about to hear evidence that [describe evidence to be received for limited purpose].  I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

9TH CIR. CRIM. JURY INST. 2.11 (2010)

JOINT INSTRUCTION NO. 17

<u>DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW</u>

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

9TH CIR. CRIM. JURY INST. 3.1 (2010)

No. CR 4:14-00582 PJH
JOINT JURY INSTRCTNS.                    18

# JOINT INSTRUCTION NO. 18

## CHARGES AGAINST DEFENDANT NOT EVIDENCE – PRESUMPTION OF INNOCENCE – BURDEN OF PROOF

The indictment is not evidence.  The defendants have pleaded not guilty to the charges.  The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt.  In addition, the defendants do not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

9TH CIR. CRIM. JURY INST. 3.2 (2010)

JOINT INSTRUCTION NO. 19

<u>DEFENDANT'S DECISION NOT TO TESTIFY</u>

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that a defendant did not testify.

JOINT INSTRUCTION NO. 20

<u>DEFENDANT'S DECISION TO TESTIFY</u>

      Defendant [insert testifying defendant] has testified.  You should treat this testimony just as you would the testimony of any other witness.

9TH CIR. CRIM. JURY INST. 3.4 (2010)

JOINT INSTRUCTION NO. 21

<u>REASONABLE DOUBT - DEFINED</u>

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant guilty.

9TH CIR. CRIM. JURY INST. 3.5 (2010)

JOINT INSTRUCTION NO. 22

<u>WHAT IS EVIDENCE</u>

The evidence you are to consider in deciding what the facts are consists of:

      (1)   the sworn testimony of any witness;

      (2)   the exhibits received in evidence; and

      (3)  any facts to which the parties have agreed.

JOINT INSTRUCTION NO. 23

<u>WHAT IS NOT EVIDENCE</u>

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

9TH CIR. CRIM. JURY INST. 3.7 (2010)

JOINT INSTRUCTION NO. 24

<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

9TH CIR. CRIM. JURY INST. 3.8 (2010)

JOINT INSTRUCTION NO. 25

<u>CREDIBILITY OF WITNESSES</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

      (1)    the witness's opportunity and ability to see or hear or know the things testified to;

      (2)    the witness's memory;

      (3)    the witness's manner while testifying;

      (4)    the witness's interest in the outcome of the case, if any;

      (5)    the witness's bias or prejudice, if any;

      (6)    whether other evidence contradicted the witness's testimony;

      (7)    the reasonableness of the witness's testimony in light of all the evidence; and

      (8)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

9TH CIR. CRIM. JURY INST. 3.9 (2010)

JOINT INSTRUCTION NO. 26

<u>ACTIVITIES NOT CHARGED</u>

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment. The defendants are not on trial for any conduct or offense not charged in the indictment.

JOINT INSTRUCTION NO. 27

SEPARATE CONSIDERATION OF SINGLE COUNT—MULTIPLE DEFENDANTS

A separate crime is charged against each defendant. The charges have been joined for trial. You must decide the case of each separately. Your verdict as to one defendant should not control your verdict as to any other defendant.

All the instructions apply to each defendant unless a specific instruction states that it applies only to a specific defendant.

JOINT INSTRUCTION NO. 28

ON OR ABOUT DEFINED

The indictment charges that the offenses were committed "on or about" a certain date. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

JOINT INSTRUCTION NO. 29

<u>TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES – IMMUNITY,</u>

<u>BENEFITS, ACCOMPLICE, PLEA</u>

You have heard testimony from [name of witness], a witness who [received immunity.  That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted] [the testimony will not be used in any case against the witness]];

[received [benefits] [compensation] [favored treatment] from the government in connection with this case];

[[admitted being] [was alleged to be] an accomplice to the crime charged.  An accomplice is one who voluntarily and intentionally joins with another person in committing a crime];

[pleaded guilty to a crime arising out of the same events for which the defendants are on trial.  This guilty plea is not evidence against the defendants, and you may consider it only in determining this witness's believability].

For [this] [these] reason[s], in evaluating the testimony of [name of witness], you should consider the extent to which or whether [his] [her] testimony may have been influenced by [this] [any of these] factor[s].  In addition, you should examine the testimony of [name of witness] with greater caution than that of other witnesses.

9TH CIR. CRIM. JURY INST. 4.9 (2010)

JOINT INSTRUCTION NO. 30

CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

9TH CIR. CRIM. JURY INST. 4.15 (2010)

JOINT INSTRUCTION NO. 31

<u>CHARTS AND SUMMARIES IN EVIDENCE</u>

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

JOINT INSTRUCTION NO. 32

<u>DUTY TO DELIBERATE</u>

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

9TH CIR. CRIM. JURY INST. 7.1 (2010)

JOINT INSTRUCTION NO. 33

<u>CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY</u>

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

9TH CIR. CRIM. JURY INST. 7.2 (2010)

JOINT INSTRUCTION NO. 34

USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

JOINT INSTRUCTION NO. 35

JURY CONSIDERATON OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

9TH CIR. CRIM. JURY INST. 7.4 (2010)

JOINT INSTRUCTION NO. 36

VERDICT FORMS

Verdict forms have been prepared for you. [Explain verdict forms as needed.]  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [Court Security Officer] that you are ready to return to the courtroom.

9TH CIR. CRIM. JURY INST. 7.5 (2010)

JOINT INSTRUCTION NO. 37

<u>COMMUNICATION WITH COURT</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [Court Security Officer], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone, including me, how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

9TH CIR. CRIM. JURY INST. 7.6 (2010)