1  MANISH KUMAR (CSBN 269493)
   ALBERT B. SAMBAT (CSBN 236472)
2  SUSAN A. MUSSER (MOBN 63116)
   ASHLEY EICKHOF (CSBN 307143)
3  U.S. Department of Justice
   Antitrust Division
4  450 Golden Gate Avenue
   Box 36046, Room 10-0101
5  San Francisco, CA 94102
   ashley.eickhof@usdoj.gov
6  Telephone: (415) 934-5300
7
8  Attorneys for United States of America

9
10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                    OAKLAND DIVISION

13
   UNITED STATES OF AMERICA              CASE NO. CR 14-00582 PJH
14
             v.                          **UNITED STATES' MOTIONS *IN LIMINE***
15
   ALVIN FLORIDA, JR.,                   Pretrial Conference:  October 12, 2016
16 ROBERT ALHASHASH RASHEED,             Court:  Hon. Chief Judge Phyllis J. Hamilton
   JOHN LEE BERRY, III,                  Trial Date:  October 31, 2016
17 REFUGIO DIAZ, and
   STEPHAN ALEXANDER FLORIDA,
18
19           Defendants.

20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................i

INTRODUCTION ........................................................................................................................1

I.  Motion in Limine No. 1 – The Court Should Exclude Any Evidence or Arguments Justifying the Bid-Rigging Agreements ..................................................................1

    A.  The Reasonableness of or Justification for a Bid-Rigging Agreement Should Be Excluded Because It Is Irrelevant, Not a Valid Defense, and Encourages Jury Nullification ..................................................................1

    B.  Any Evidence or Arguments Blaming the Victims Should Be Excluded Because They Are Irrelevant, Not a Valid Defense, and Encourage Jury Nullification ..................................................................4

II.  Motion in Limine No. 2 – The Court Should Admit Evidence of the Plea Agreements of the Cooperating Witnesses ..................................................................5

III.  Motion in Limine No. 3 – Defendants Should Be Precluded from Using Prior Convictions of Cooperating Witnesses for Impeachment ..................................................................8

    A.  Witness A ..................................................................9

    B.  Witness B ..................................................................9

    C.  Witness C ..................................................................9

    D.  Witness D ..................................................................10

IV.  Motion in Limine No. 4 – Summary Chart of Round Sheets Is Admissible under Fed. R. Evid. 611(a) and 1006 ..................................................................11

V.  Motion in Limine No. 5 – Business and Public Records Are Admissible Under Fed. R. Evid. 902 and 803 ..................................................................15

    A.  Auction Paperwork and Bank Records Are Properly Authenticated and Admissible Business Records ..................................................................15

        1. Auction Paperwork

        2. Bank Records

    B.  DMV Records and California Secretary of State Incorporation Records Are Properly Authenticated and Admissible as Self-Authenticating Public Records ..................18

# TABLE OF AUTHORITIES

## CASES

*Brown v. Astrue*, 2008 WL 4279401 (E.D. Cal. Sept. 16, 2008)....................................................... 9, 10, 11

*Crawford v. Washington*, 541 U.S. 36 (2003) ........................................................................................ 17

*F.T.C. v. Superior Court Trial Lawyers Ass'n*, 493 U.S. 411 (1990)......................................... 2, 4, 5

*Kew v. Bank of America, N.A.*, Case No. H–11–2824, 2012 WL 1414978
    (S.D. Tex. Apr. 23, 2012) ...................................................................................................................... 18

*Merced v. McGrath*, 426 F.3d 1076 (9th Cir. 2005) .............................................................................. 3

*Northern Pac. Ry. Co. v. United States*, 356 U.S. 1 (1958)............................................................... 4

*Turner v. United States*, 202 F.2d 523 (9th Cir. 1953) ...................................................................... 16

*United States v. Anderson*, 532 F.2d 1218 (9th Cir. 1976) ............................................................... 6

*United States v. Apple, Inc.*, 791 F.3d 290 (2d Cir. 2015) ................................................................. 2

*United States v. Baker*, 10 F.3d 1374 (9th Cir. 1993)................................................................ 12, 14

*United States v. Bland*, 961 F.2d 123 (9th Cir. 1992) ...................................................................... 16

*United States v. Blixt*, 548 F.3d 882 (9th Cir. 2008)........................................................................... 2

*United States v. Boulware*, 470 F.3d 931 (9th Cir. 2006) ............................................................... 12

*United States v. Bray,* 139 F.3d. 1104 (6th Cir. 1998) ...................................................................... 14

*United States v. Cameron*, 814 F.2d 403 (7th Cir. 1987) .......................................................... 10, 11

*United States v. Childs*, 5 F.3d 1328 (9th Cir. 1993)......................................................................... 16

*United States v. Cuesta*, No. 1:06-CR-40 AWI (CVB Mag, P484375) 2007
    WL 2729853 (E.D. Cal. Sept. 19, 2007), *aff'd*, 286 Fed. Appx. 358
    (9th Cir. 2008) ......................................................................................................................................... 19

*United States v. Curtin*, 489 F.3d 935 (9th Cir. 2007)......................................................................... 6

*United States v. Funches*, 135 F.3d 1405 (11th Cir. 1998)............................................................... 3

*United States v. Gaev*, 24 F.3d 473 (3d Cir. 1994) .............................................................................. 7

*United States v. Gardner*, 611 F.2d 770 (9th Cir. 1980) ................................................................. 12

*United States v. Gomez*, 772 F. Supp. 2d 1185 (C.D. Cal. 2011) ................................................. 10

*United States v. Green*, 428 F.3d 1131 (8th Cir. 2005) ................................................................... 14

*United States v. Halbert*, 640 F.2d 1000 (9th Cir. 1981)............................................................... 5, 6

*United States v. Johnson*, 460 F.2d 20 (9th Cir. 1972)................................................................... 13

*United States v. Keltner,* 675 F.2d 602 (4th Cir. 1982) ............................................................... 13

*United States v. Kreimer,* 609 F.2d 126 (5th Cir. 1980) ............................................................... 5

*United States v. Kuzmenko*, No. 2:12-cr-00062 JAM, 2014 WL 1334003
   (E.D. Cal. April 2, 2014) ............................................................................................................. 19

*United States v. Lemire,* 720 F.2d 1327 (D.C. Cir. 1983) ............................................................ 13

*United States v. Licavoli*, 604 F.2d 613 (9th Cir. 1979) ............................................................... 16

*United States v. MMR Corp. (LA)*, 907 F.2d 489 (5th Cir. 1990) ................................................. 2

*United States v. Monroe*, 943 F.2d 1007 (9th Cir. 1991) ............................................................... 6

*United States v. Navarro-Montes*, 521 F. App'x 611 (9th Cir. 2013) ........................................... 6

*United States v. Necoechea*, 986 F.2d 1273 (9th Cir. 1993) .......................................................... 6

*United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000) ............................................................. 12

*United States v. Pollack*, 417 F.2d 240 (5th Cir. 1969) ............................................................... 13

*United States v. Portillo*, 699 F.2d 461 (9th Cir. 1982) ................................................................ 8

*United States v. Ray*, 930 F.2d 1368 (9th Cir. 1991) ................................................................... 16

*United States v. Rizk*, 660 F.3d 1125 (9th Cir. 2011) .................................................................. 14

*United States v. Rosenthal*, 266 F. Supp. 2d 1068 (N.D. Cal. 2003) ........................................... 3

*United States v. Scales*, 594 F.2d 558 (6th Cir. 1979) ................................................................. 13

*United States v. Scarmazzo*, 554 F. Supp. 2d 1102 (E.D. Cal. 2008) .................................. 2, 3, 5

*United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150 (1940) ............................................. 2, 5

*United States v. Towns*, 718 F.3d 404 (5th Cir. 2013) ................................................................ 17

*United States v. Wallace*, 848 F.2d 1464 (9th Cir. 1988) .............................................................. 8

*United States v. Wood*, 943 F.2d 1048 (9th Cir. 1991) ............................................................... 14

*United States v. Yeley-Davis*, 632 F.3d 673 (10th Cir. 2011) ..................................................... 17

## STATUTES

15 U.S.C. § 1 ............................................................................................................................. 2, 4

Cal. Pen. Code § 602(n) ................................................................................................................. 9

Cal. Vehicle Code § 14601 ............................................................................................................ 9

Cal. Vehicle Code § 23103 ............................................................................................................ 9

Cal. Vehicle Code § 23152(b) ....................................................................................................... 9

**OTHER AUTHORITIES**

ABA Model Jury Instructions in Criminal Antitrust Cases (2009) ........................................................ 2, 4

Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence,* §
    6-1006.04 (Joseph M. McLaughlin, ed., 2d ed. 2008)........................................................ 14

Notes of Advisory Committee on Rules – 1990 Amendment ........................................................ 11

Notes of Committee on the Judiciary, Senate Report No. 93-1277........................................................ 8

**RULES**

Fed. R. Evid. 402 ........................................................................................................................ 1

Fed. R. Evid. 403 ................................................................................................................ 1, 11

Fed. R. Evid. 609 ...................................................................................................... 8, 10, 11

Fed. R. Evid. 611 ..................................................................................................................... 12

Fed. R. Evid. 803 ..................................................................................................................... 17

Fed. R. Evid. 902 ..................................................................................................................... 17

# INTRODUCTION

The United States respectfully moves this Court for an order on the motions *in limine* described below:

(1) Precluding defendants from offering evidence or argument justifying the bid-rigging agreements;

(2) Admitting evidence of the plea agreements of cooperating witnesses;

(3) Precluding defendants from offering evidence or argument of prior convictions and other acts of certain witnesses;

(4) Admitting summary charts pursuant to Federal Rules of Evidence 611 and 1006, subject to the underlying evidence being admitted at trial, and;

(5) Admitting certain business and public records pursuant to Federal Rules of Evidence 902 and 803.

## I.    Motion in Limine No. 1 – The Court Should Exclude Any Evidence or Arguments Justifying the Bid-Rigging Agreements

The United States moves *in limine* to prohibit defendants from introducing any evidence or argument that that their bid-rigging agreements were reasonable or that the victims were negligent or acquiesced to the conduct. Bid rigging, as a *per se* violation, cannot be justified, whether the justification is the reasonableness of the auction prices or the negligence of victims. Because bid rigging is a *per se* violation, both of these kinds of evidence are irrelevant to a charge of bid rigging, are not a valid defense to bid rigging and would encourage jury nullification.

### A.    The Reasonableness of or Justification for a Bid-Rigging Agreement Should Be Excluded Because It Is Irrelevant, Not a Valid Defense, and Encourages Jury Nullification

The reasonableness of the agreements is irrelevant, and therefore, inadmissible. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Evidence is also inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice or confusion of the issues. Fed. R. Evid. 403. Evidence of procompetitive justifications is not probative of any element of the crime, nor are these alleged justifications probative of a legal defense. The jury must decide the following issues to find the defendants guilty of the bid-rigging charge: (1) whether there were agreements to rig bids, (2) whether defendants knowingly participated in the agreements, and (3) whether their activities were in the flow of or affected interstate commerce. ABA Model Jury Instructions in Criminal Antitrust Cases at 54-55

(2009). Evidence that the agreements were reasonable or otherwise justifiable is not probative of the existence of the agreement, whether the defendants knowingly joined the agreement, or whether the agreement was in the flow of or affected interstate commerce.

Bid rigging is *per se* unlawful, and reasonableness is never a defense to *per se* violations of 15 U.S.C. § 1. As this Court held in its June 21, 2016 order, the indictment alleged a "bid-rigging arrangement mandating *per se* treatment." Dkt. No. 186 at 5. Once the existence of a *per se* illegal agreement is established, justifications for the agreement are not a defense. *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 221-22 (1940). Specifically, evidence or argument that a defendant's anticompetitive agreements were necessary to offset a competitor's market power or to compete effectively is not a legitimate defense to a *per se* violation of the Sherman Act. *Id.* at 218 ("[P]rice-fixing agreements are unlawful *per se* under the Sherman Act and no showing of so-called competitive abuses or evils which those agreements were designed to eliminate or alleviate may be interposed as a defense."); *United States v. Apple, Inc.*, 791 F.3d 290, 298 (2d Cir. 2015) (rejecting the theory that "the presence of a strong competitor justifies a horizontal price-fixing conspiracy" because it "endorses a concept of marketplace vigilantism that is wholly foreign to the antitrust laws."). Likewise, the reasonableness of the price of a home sold at a foreclosure auction is not a defense to a *per se* unlawful agreement. *F.T.C. v. Superior Court Trial Lawyers Ass'n*, 493 U.S. 411, 424 (1990) ("it is no excuse that the prices fixed themselves are reasonable"); *United States v. MMR Corp. (LA)*, 907 F.2d 489, 498 (5th Cir. 1990) ("If there was an agreement . . . it is no defense that the resulting costs and profit of the job were 'reasonable.'"). Because this Court has already established that the alleged bid-rigging arrangement mandates *per se* treatment, defendants cannot offer evidence of reasonableness or justifications as a defense.

Because reasonableness is not a valid defense and is irrelevant, the only purpose of offering justifications for defendants' bid rigging would be to impermissibly encourage jury nullification. "[N]either a Defendant nor his attorney has the right to present evidence that is irrelevant to a legal defense to, or an element of, the crime charged[:] [v]erdicts must be based on the law and evidence, not on jury nullification." *United States v. Scarmazzo*, 554 F. Supp. 2d 1102, 1108 (E.D. Cal. 2008). *See, e.g.*, *United States v. Blixt*, 548 F.3d 882, 890 (9th Cir. 2008) (holding that "the district court, exercising

considerable restraint in the face of blatant jury nullification arguments, properly instructed the jury to disregard counsel's statements"); *Merced v. McGrath*, 426 F.3d 1076, 1079 (9th Cir. 2005) (holding that "while jurors have the power to nullify a verdict, they have no right to do so" and that "courts manifestly do not have a duty to ensure a jury's free exercise of this power") (citations omitted).

"[E]vidence which is otherwise inadmissible does not become admissible in order to facilitate jury nullification." *United States v. Rosenthal*, 266 F. Supp. 2d 1068, 1075 (N.D. Cal. 2003), *rev'd on other grounds*, 454 F.3d 943, 947 (9th Cir. 2006); *see also United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) (finding no reversible error when the trial court denies admission of evidence that would support nullification, "even if the evidence might have encouraged the jury to disregard the law and to acquit the defendant"); *Scarmazzo*, 554 F. Supp. 2d at 1108 ("It is appropriate to exclude evidence and argument" on jury nullification). As explained above, evidence of the alleged procompetitive benefits of defendants' bid rigging is not probative of any element of the offense or a permitted justification. Procompetitive evidence is extremely prejudicial because it encourages the jury to decide the case on legally irrelevant facts and encourages the jury to disregard the law. Accordingly, evidence or argument concerning these effects should not be presented to the jury.

Defendants may try to offer impermissible expert testimony on the purported positive (upward) effects of defendants' agreement not to compete on prices of homes sold at foreclosure auctions. While defendants have not yet noticed an expert, they submitted a declaration making such arguments in support of their motion to adjudicate under the rule of reason.[1] Decl. of Jeffrey S. Andrien in Supp. of Michael Marr's Mot. to Adj. the Govt.'s Sherman Act Allegations Pursuant to the R. of Reason, Dkt. 147-1 ("Andrien Decl."). In the declaration, Mr. Andrien opined that the prices paid by third parties at foreclosure auctions were higher before the indictment period than after. *Id.* at 3. Defendants then argued in their motion that this alleged price decrease occurring after the FBI's investigation went overt justified defendants' anticompetitive agreements. Mot. to Adj. Sherman Act Allegation Pursuant to the R. of Reason at 13-15, Dkt. 146 ("R. of Reason Mot.").

//

//

_____

[1]  Moreover, if the defense does provide notice of their intent to call Mr. Andrien as an expert, the government would object to his testimony as not relevant for the reasons stated in this motion.

This argument is not relevant to any element of a charge of violation of 15 U.S.C. § 1, nor is it a viable defense. *See, e.g., Superior Court Trial Lawyers Ass'n*, 493 U.S. at 424. As the ABA Model Criminal Antitrust Jury Instruction for Per Se Violations of the Antitrust Laws explains:

> [I]f you find that the government has met its burden with respect to each of the elements of the charged offense, you need not be concerned with whether the agreement was reasonable or unreasonable, the justifications for the agreement, or the harm, if any, done by it. It is not a defense that the parties may have acted with good motives, or may have thought that what they were doing was legal, or that the conspiracy may have had some good results. If there was, in fact, a conspiracy as charged in the indictment, it was illegal.

ABA Model Jury Instructions in Criminal Antitrust Cases at 54-55 (2009). Arguments such as Mr. Andrien's that attempt to justify the illegal agreements with rationalizations of positive effects are not a defense to bid rigging. The agreement is the crime, regardless of its effects. *See, e.g., Northern Pac. Ry. Co. v. United States*, 356 U.S. 1, 5 (1958).

**B.      Any Evidence or Arguments Blaming the Victims Should Be Excluded Because They Are Irrelevant, Not a Valid Defense, and Encourage Jury Nullification**

The government anticipates that defendants may seek to blame the victims of their bid-rigging agreements for being negligent in failing to prevent the collusion from occurring, or in acquiescing to the conduct when made aware of it. The victims in this case are the beneficiaries of the foreclosed properties sold at auction: typically, banks that owned the mortgages on the properties and, ultimately, the homeowners whose properties were in foreclosure. Trustee companies oversaw the sale of the foreclosed properties on the beneficiaries' behalf, received the auction paperwork (where defendants made false and misleading statements), ultimately disbursed the funds, and transferred title to the property. The trustee companies hired posting companies to provide auctioneers to conduct the public auctions.

These "blame the bank" arguments are improper because they introduce the issue of the effect of defendants' conduct on the intended victims and their representatives. As this Court has recognized, the government need not prove anticompetitive effects here because it has alleged conduct that is *per se* illegal. Dkt. No. 186. Nor should the defense be allowed to turn the trial into a referendum on banks' lending practices, auctioneer culpability, trustee negligence, or the financial crisis, as this would confuse

//

the jury with irrelevant evidence and invite nullification.  The Court should therefore exclude such arguments.

The government anticipates that defendants may blame the victims by arguing that: (1) the auctioneers who ran the auctions were aware of agreements to refrain from bidding, rounds, and/or payoffs; (2) the trustee companies were negligent in monitoring the auctions; (3) the banks did not care about maximizing their earnings from the foreclosure auctions; or (4) the banks were culpable for defendants' conduct because they "stymied a competitive foreclosure auction process by deciding to withhold significant information about auctioned properties."  *See* R. of Reason Mot. at 5.  None of these arguments, even if true, negate any of the essential elements to a charge of bid rigging and instead would only serve to confuse the jury and encourage nullification.  As stated previously, "neither a Defendant nor his attorney has the right to present evidence that is irrelevant to a legal defense to, or an element of, the crime charged[:] [v]erdicts must be based on the law and evidence, not on jury nullification."  *Scarmazzo*, 554 F. Supp. 2d at 1108 (E.D. Cal. 2008).  The Court should exclude all of these irrelevant and invalid arguments and any related evidence to prevent jury confusion.

Any "blame the banks" evidence or argument would be irrelevant because evidence of the banks' conduct would only have the purpose of justifying *per se* illegal conduct, which is an invalid defense. *Socony-Vacuum*, 310 U.S. at 218.  Bid rigging, as a *per se* violation, cannot be justified, whether the justification is the reasonableness of the auction prices or the negligence of victims.  *See Superior Court Trial Lawyers Ass'n*, 493 U.S. at 424 ("it is no excuse that the prices fixed themselves are reasonable"). Generally, the negligence of a crime victim is not a valid defense.  *See United States v. Kreimer*, 609 F.2d 126, 132 (5th Cir. 1980) ("the victim's negligence is not a defense to criminal conduct").  This Court should not permit defendants to turn the case into a trial about the banks, auctioneers, or trustees, rather than about their own illegal behavior.

## II.  Motion in Limine No. 2 – The Court Should Admit Evidence of the Plea Agreements of the Cooperating Witnesses

The United States moves *in limine* to elicit evidence and testimony of its cooperating witnesses' guilty pleas and plea agreements.  Such evidence "may properly be considered by the jury in evaluating witness credibility."  *United States v. Halbert*, 640 F.2d 1000, 1004 (9th Cir. 1981).  The admissibility

of evidence of a guilty plea "turns on the purpose for which it is offered." *Id.* It is well settled that evidence of a guilty plea is relevant to credibility, and the inquiry may be initiated by either the government or the defendant. *Id.* ("This and other circuits have consistently recognized that, under proper instruction, evidence of a guilty plea may be elicited by the prosecutor on direct examination so that the jury may assess the credibility of the witness the government asks them to believe."); *see also United States v. Anderson*, 532 F.2d 1218, 1230 (9th Cir. 1976) (preventing prosecutorial questioning on direct about a codefendant's guilty plea creates a false impression with the jury of prosecutorial concealment); *United States v. Navarro-Montes*, 521 F. App'x 611, 613 (9th Cir. 2013) ("[A] cooperating witness enter[ing] into a plea agreement is generally relevant to the witness's credibility."). The government may preemptively address the issue of witness credibility by informing the jury about the existence of the plea agreement without waiting for the defense to first attack the witness's credibility. *See United States v. Curtin*, 489 F.3d 935, 940-41 (9th Cir. 2007) (noting that "Federal courts repeatedly have held that the government may offer evidence in its case-in-chief in anticipation of an expected aspect of the defense. . . . In our own Circuit, the rule permitting anticipatory impeachment on direct is the same.") (citations omitted).

The only limitation the Ninth Circuit has put on the government's use of plea or cooperation agreements during direct examination is that the government may not introduce portions of the agreement that could bolster the credibility of the witness unless the defense has attacked it. *See United States v. Monroe*, 943 F.2d 1007, 1013 (9th Cir. 1991). However, if the witness's veracity is attacked, the Ninth Circuit has held that reference to the "truthful testimony" requirement does not constitute improper vouching. *See United States v. Necoechea*, 986 F.2d 1273, 1277-79 (9th Cir. 1993) (prosecutor's questions regarding plea agreement not improper or inopportune when prosecutor merely explored terms of agreement and defense counsel had attacked witness's credibility); *Monroe*, 943 F.2d at 1013-14 (reference to the "truthful testimony" provision does not constitute vouching if made in response to an attack in the defense's opening statement.). The government agrees, therefore, not to elicit evidence of the truthfulness provision of the plea agreement unless the witness's credibility is attacked.

//

1       The government, however, should be able to use in its case-in-chief the rest of the plea

2 agreement and the fact that a witness has pleaded guilty. For the reasons explained above, this is

3 appropriate because this evidence is probative of the credibility of the witness and explains the witness's

4 firsthand knowledge. In its opening statement, the government will alert the jury to the existence of

5 these credibility issues. In its closing statement, the government will address how these issues should

6 affect the jury's assessment of the witnesses' credibility. The weight to give such testimony is explained

7 to the jury in the Ninth Circuit Model Jury Instruction 4.9 that the parties will jointly propose. *See also*

8 *United States v. Gaev*, 24 F.3d 473, 477 (3d Cir. 1994) ("When a co-conspirator testifies he took part in

9 the crime with which the defendant is charged, his credibility will automatically be implicated. . . . If

10 jurors know the terms of the plea agreement, these questions will be set to rest and they will be able to

11 evaluate the declarant's motives and credibility.") (collecting cases). The government intends to

12 question its witnesses on direct examination about the existence and terms of their guilty pleas and plea

13 agreements, including the factual basis of the conduct they pleaded guilty to, the fact that they have yet

14 to be sentenced, and their hope of receiving a reduced sentence in part because of their testimony at trial.

15 The government may also seek to introduce copies of the plea agreements into evidence.

16       This procedure will allow the government to be candid and forthcoming about the issues

17 affecting the credibility of its witnesses and to avoid direct or implied charges that the government is

18 trying to hide harmful evidence of its relationship with its witnesses or the reasons why the witnesses are

19 admitting culpability in the charged offense. The procedure will also help the jury to understand the

20 specific provisions of the agreements applicable to the government's witnesses and allow the jury to

21 obtain a more accurate explanation for the underlying motivations or concerns affecting the witnesses'

22 testimony.

23       Accordingly, the government respectfully requests an order permitting the government to

24 introduce into evidence guilty pleas, plea agreements, and non-prosecution agreements during direct

25 examination and to disclose the agreements during the government's opening statement and closing

26 arguments.

27 / /

28 / /

1    ### III.    Motion in Limine No. 3 – Defendants Should Be Precluded from Using Prior Convictions of Cooperating Witnesses for Impeachment
2

3           The United States moves for an *in limine* ruling to exclude any evidence, either documentary or

4    testimonial, or any argument by defense counsel to impeach any witness by introducing evidence of

5    conviction of a crime.

6           Federal Rule of Evidence 609(a) permits admission of a nondefendant witness's prior felony

7    conviction, or any conviction for a crime involving dishonesty or a false statement, that is less than ten

8    years old, subject to the requirements of Federal Rule of Evidence 403.  Federal Rule of Evidence

9    609(b) allows the use of felony convictions that are more than ten years old only if the court makes a

10   specific finding that the probative value "substantially outweighs" its prejudicial effect and the

11   proponent gives advance notice of its intent to use this evidence.  Fed. R. Evid. 609(b)(1)-(2); *United*

12   *States v. Portillo*, 699 F.2d 461, 463-64 (9th Cir. 1982).  "[C]onvictions over 10 years old will be

13   admitted very rarely and only in exceptional circumstances."  Fed. R. Evid. 609, Notes of Committee on

14   the Judiciary, Senate Report No. 93-1277.

15          The ten-year calculation is based on the date of conviction or the individual's release from

16   confinement, whichever is later.  Fed. R. Evid. 609(b).  If a witness is subsequently incarcerated due to a

17   parole or probation revocation, that incarceration may toll the ten-year limit of Rule 609(b) in limited

18   circumstances.  *United States v. Wallace*, 848 F.2d 1464, 1472 (9th Cir. 1988).  The revocation must be

19   due to a substantive rather than a technical violation, and the violation must be "substantively related or

20   parallel to the original conviction."  *Id.*

21          To the best of the government's knowledge, four of the government's anticipated witnesses have

22   prior convictions. *See* Attachment A.  None of these witnesses have been convicted of a crime that has

23   an element requiring a "dishonest act or false statement."  Fed. R. Evid. 609(a)(2).  Only one witness,

24   Witness D, has been convicted of a felony within the last ten years.  The government turned over the

25   criminal history reports in its possession for each potential witness in discovery on July 21, 2016.

26   Declaration of Ashley Eickhof ("Eickhof Decl.") ¶ 3.  The defendants have not provided notice of intent

27   to offer any convictions pursuant to Rule 609(b).

28   / /

### A.    Witness A

Witness A was convicted of a misdemeanor DUI in 2008.  He was sentenced to 12 days of jail and 36 months probation.  This conviction does not carry a maximum penalty of more than one year, and the elements of the crime do not require proving a dishonest act or false statement.  *See* Cal. Vehicle Code § 23152(b); *Brown v. Astrue*, 2008 WL 4279401 at *6 (E.D. Cal. Sept. 16, 2008) (stating that DUI convictions have little bearing on a person's credibility).  Accordingly, this misdemeanor conviction is inadmissible.

### B.    Witness B

Witness B was convicted in 1977 of a misdemeanor—driving on private property.  This nearly 40-year-old conviction does not carry a maximum penalty of more than one year, and the elements of the crime do not require proving a dishonest act or false statement.  *See* Cal. Pen. Code § 602(n).  It offers zero probative value and is, therefore, inadmissible.

### C.    Witness C

Witness C has three prior misdemeanor convictions, which are all more than 35 years old. Witness C's prior criminal history is summarized in the chart below.

| Date | Location | Offense | Type | Sentence |
|------|----------|---------|------|----------|
| 2/24/1975 | San Leandro, CA | Disturbing the peace | Misdemeanor | Convicted, no sentence |
| 2/16/1978 | Oakland, CA | Driving with suspended license | Misdemeanor | 5 days jail, 12 months probation |
| 3/09/1978 | Hayward, CA | Reckless Driving | Misdemeanor | 10 days jail, 1 year probation |

All three convictions are far outside of the ten-year limit imposed under Rule 609.  Disturbing the peace carries a maximum penalty of 90 days in jail.  Similarly, reckless driving carries a maximum penalty of 90 days jail, and driving with a suspended license carries a maximum penalty of six months jail.  *See* Cal. Vehicle Code §§ 23103, 14601.  Like the other crimes discussed above, none of these crimes involve dishonesty or false statement, and all have almost no probative value.  *See id.*

//

//

### D. Witness D

Witness D has prior DUI convictions dating back to the 1990s and one gun possession conviction, which is over a decade old. Witness D's prior criminal history is summarized in the following chart:

| Date | Location | Offense | Type | Sentence |
|------|----------|---------|------|----------|
| 6/1/1993 | Hayward, CA | Possession of an Assault Weapon | Felony | 3 years probation; firearms restriction |
| 3/18/1996 | Oakland, CA | DUI with BAC over .08% | Misdemeanor | 2 days jail |
| 12/26/2001 | Oakland, CA | DUI of Alcohol/Drugs | Misdemeanor | 2 days jail |
| 10/18/2004 | Oakland, CA | Felon in Possession of a Firearm | Felony | 1 day jail, 5 years probation 5/5/2008 probation modified to additional 257 days jail |
| 6/25/2007 | Oakland, CA | DUI with BAC over .08% and with priors | Felony | 5 years probation |
| 6/26/2007 | Stockton, CA | DUI with BAC over .08% and with priors | Misdemeanor | 16 months jail |
| 3/6/2008 | San Jose, CA | Driving with a suspended license | Misdemeanor | 10 days jail |
| 7/21/2008 | Hayward, CA | DUI with BAC over .08% | Felony | 9 months jail |
| 8/11/2009 | Woodland, CA | Use of a Watercraft with a BAC over .08% | Misdemeanor | 12 months probation |
| 4/27/2012 | Oakland, CA | DUI with priors | Felony | 50 days jail; Probation revoked 2/17/2015; resentenced to 180 days jail |

The Court should exclude all of the above convictions. None of the prior criminal convictions are crimes of dishonesty. *See United States v. Cameron*, 814 F.2d 403, 405-06 (7th Cir. 1987) (stating that possession of a weapon is generally not considered a crime of dishonesty) (citations omitted); *Astrue*, 2008 WL 4279401 at *6 (stating that DUI convictions have little bearing on a person's credibility). Thus, they are only admissible if (1) they are felonies that are less than ten years old and pass Rule 403 balancing (Rule 609(a)(1)(A)), or (2) the probative value substantially outweighs the prejudice (and defendants provide written notice of intent to use the convictions) (Rule 609(b)).

Witness D's 1993, 1996, and 2001 convictions are all over 10 years old (and two are misdemeanors). *See* Fed. R. Evid. 609(b); *United States v. Gomez*, 772 F. Supp. 2d 1185, 1195 (C.D.

Cal. 2011) (convictions more than ten years old "presumptively remote").  Among the convictions from the past ten years, those from June 26, 2007, March 2008, and 2009 are all misdemeanors.  These convictions offer little probative value to Witness D's testimony, especially because they do not relate to dishonesty, and the potential prejudice outweighs any probative value.

The remaining convictions (Witness D's felony DUI convictions from 2007, 2008, and 2012, and his felon-in-possession conviction from 2004) are inadmissible under Rule 403.[2]  Witness D's DUI convictions are irrelevant to his credibility.  *See Astrue*, 2008 WL 4279401 at *6.  While a felony conviction is generally probative of the witness's credibility, the nature of this conviction is substantially similar to a misdemeanor DUI conviction and similarly has very little relevance to Witness D's credibility.  A felony conviction is highly prejudicial in that there is "danger that prior convictions will be misused as character evidence."  Fed. R. Evid. 609, Notes of Advisory Committee on Rules – 1990 Amendment.  Weighing the minimal probative value of Witness D's conviction against its highly prejudicial value mandates exclusion of these felony DUI convictions.  *See* Fed. R. Evid. 403.

Similarly Witness D's conviction for felon in possession has little, if any, probative value.  The underlying conviction is from 2004.  In 2008 his probation was revoked, bringing his conviction within the ten-year period contemplated by Rule 609.  However, almost fourteen years have passed since his conviction and almost eight years have passed since his probation violation, making this fairly remote in time and lessening any alleged probative value.  Additionally, possession of a weapon has little probative value to Witness D's credibility.  *See Cameron*, 814 F.2d at 405.  Weighing the minimal probative value against its highly prejudicial value requires exclusion of Witness D's felon-in-possession conviction.

**IV.    Motion in Limine No. 4 – Summary Chart of Round Sheets Is Admissible under Fed. R. Evid. 611(a) and 1006**

The United States intends to introduce summary charts into evidence pursuant to Federal Rule of Evidence 611(a) along with the underlying records reflected in the charts.  *See* Eickhof Decl.;

//

---

[2]     In 2004, Witness D was convicted of felon in possession of a firearm.  However, the ten-year limit was tolled because on May 5, 2008, his probation was revoked and he was sentenced to an additional 257 days in jail.

Attachments B, C. The attached charts summarize numerous exhibits that the government intends to admit at trial and will be used to facilitate witness testimony about the underlying admitted exhibits. The charts will help the jury organize and understand the evidence that the government plans to introduce.

The first chart that the government seeks to admit summarizes voluminous handwritten round sheets that Alvin Florida and his defendant employees used to track bids in the rounds (private secondary auctions that defendants used to determine payoffs for bid rigging and decide who would take title to the bid-rigged properties). The second chart will identify the Trustee Sale Number that corresponds to a property address sold at foreclosure auction.

Under Ninth Circuit law, it is within this Court's discretion to permit the jury to use these charts during their deliberations. Given that the attached charts will aid in the jury's examination of evidence, this Court should permit the jury's use of them during deliberations. Should any of the evidence being summarized in the charts not be admitted at trial, the government will amend the charts so that they reflect only the evidence actually in the record. The government will also notify the defense of any changes to the attached charts in advance of trial.

Rule 611(a) authorizes a court to permit the introduction of summary charts of admitted evidence at trial through its power to "exercise reasonable control over the mode . . . of . . . presenting evidence so as to: (1) make those procedures effective for determining the truth . . . [and] (2) avoid wasting time." Fed. R. Evid. 611(a); *United States v. Baker*, 10 F.3d 1374, 1411-12 (9th Cir. 1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000). In addition to allowing use of summary charts during trial, it is within the discretion of the trial court to permit the jury to review Rule 611(a) summary charts of admitted evidence during deliberations, provided the court determines that the charts are accurate and will aid in the jury's examination of the underlying evidence. *See United States v. Boulware,* 470 F.3d 931, 935-36 (9th Cir. 2006) ("[W]e have elsewhere recognized a district court's discretion under Fed. R. Evid. 611(a) to admit summary exhibits for the purpose of assisting the jury in evaluating voluminous evidence."), *vacated on other grounds*, 552 U.S. 421 (2008); *United States v. Gardner*, 611 F.2d 770, 776 (9th Cir. 1980) (admission of summary chart of previously admitted

//

evidence within court's discretion); *United States v. Johnson*, 460 F.2d 20, 22 (9th Cir. 1972) (admission of exhibit summarizing evidence previously admitted was nonprejudicial).

Other circuits echo that summaries of admitted evidence may permissibly be presented at trial and used by the jury during deliberations if the summary is accurate and aids the jury in examining the underlying evidence. *See, e.g.*, *United States v. Keltner*, 675 F.2d 602, 606 (4th Cir. 1982) (summary chart was properly admitted into evidence because figures listed in chart were based on other evidence before the jury); *United States v. Scales*, 594 F.2d 558, 563-64 (6th Cir. 1979) (summaries of testimonial evidence designed "to aid the jury in its examination of the evidence already admitted" are authorized by Rule 611(a)).

Attachment B reflects the handwritten round sheets seized from the offices of Monetary Investments LLC, Monetary Recovery Service, Inc., and Realty Information Systems. The summary chart has four columns: "Exhibit," "Date," "Defendant," and "Property Address." The information entered into those columns corresponds to the information in the underlying round sheets.

Attachment C sets forth the date of the sale, the property address, the trustee sale number, and exhibit numbers identifying receipts of funds for certain properties. The receipts of funds list TS numbers rather than property addresses. Witness testimony and other documents, however, refer to properties by address, not TS number. The summary chart will help the jury and the witnesses match receipts of funds to the properties to which they relate.

Various witnesses will lay the foundation for the admission of these charts by testifying that the charts and summaries accurately reflect the information contained in documents already in or to be admitted into evidence. *See United States v. Lemire*, 720 F.2d 1327, 1349 (D.C. Cir. 1983); *United States v. Pollack*, 417 F.2d 240, 241 (5th Cir. 1969).

Notwithstanding the Court's authority to admit the summary charts under Rule 611(a), the summary chart itself is admissible under Federal Rule of Evidence 1006. "The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." *United States v. Johnson*, 594 F.2d 1253, 1255 (9th Cir. 1979).

/ /

1    The purpose of Rule 1006 is to allow summaries when the volume of summarized documents is

2    so large as to make their use impractical or impossible; summaries may also prove more meaningful to

3    the judge and jury. *Id.* Although the underlying materials must be admissible, they need not be

4    admitted. *Id.* at 1257 n.6; *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011). If admitted under

5    Rule 1006, the summary itself is substantive evidence and goes back to the jury. *See Baker*, 10 F.3d at

6    1411; *United States v. Wood*, 943 F.2d 1048, 1053 (9th Cir. 1991).

7        The proposed summary charts are within the scope of Rule 1006. The underlying documents are

8    voluminous and admissible. In lieu of walking through hundreds of pages of documents at trial, the jury

9    will see the information reduced to a manageable number of pages. The charts will be authenticated and

10   properly introduced at trial. The charts accurately summarize the underlying documents, which have

11   already been produced to the defense. Defendants will be free to cross-examine the witnesses on any

12   claimed inaccuracies between the charts and the underlying evidence.

13       While the charts meet the requirements of Rule 1006, the government seeks their admission

14   primarily under Rule 611(a) because they are a "hybrid" – while they bear the characteristics of a

15   summary chart admissible under Rule 1006, they are not being offered as a substitute for admission of

16   the underlying records, as with charts admitted under Rule 1006. *See* Jack B. Weinstein & Margaret A.

17   Berger, *Weinstein's Federal Evidence*, § 6-1006.04 (Joseph M. McLaughlin, ed., 2d ed. 2008) ("This

18   hybrid type of summary may not comply with the requirements of Rule 1006. Nevertheless, it is

19   admitted into evidence when the underlying materials have been admitted into evidence and the

20   summary 'so accurately and reliably summarize[s] complex or difficult evidence' that the court admits it

21   into evidence to assist the jurors.") (quoting *United States v. Bray,* 139 F.3d. 1104, 1112 (6th Cir.

22   1998)); *see also United States v. Green,* 428 F.3d 1131, 1134-35 (8th Cir. 2005) (admitting Rule 611(a)

23   hybrid charts that fairly summarized voluminous evidence already introduced at trial under Rule 1006);

24   *Baker*, 10 F.3d at 1411-12 (clarifying that summary charts of admitted evidence are not Rule 1006

25   summary charts *as evidence*, but rather Rule 611(a) summaries of admitted evidence). Here, the

26   government is also seeking to introduce the underlying records (the round sheets and auction records)

27   into evidence along with the summary charts.

28   / /

1    **V.    Motion in Limine No. 5 – Business and Public Records Are Admissible Under**
2         **Fed. R. Evid. 902 and 803**

3         The government intends to introduce documents that include business records, such as auction

4    paperwork, and bank records, as well as certified public records (specifically, DMV records and

5    incorporation records from the California Secretary of State).  As discussed below, the government

6    submits that these documents are all self-authenticating under Federal Rule of Evidence 902(4) as

7    certified copies of public records or under Federal Rule of Evidence 902(11) as certified domestic

8    records of a regularly conducted activity that meet the requirements of Rule 803(6).  These documents

9    are also otherwise admissible under clearly established exceptions to the hearsay rule, such as Federal

10   Rule of Evidence 803(6) (Records of Regularly Conducted Activity), Federal Rule of Evidence 903(15)

11   (Statements in Documents That Affect an Interest in Property), and Federal Rule of Evidence 803(8)

12   (Public Records).

13        A ruling on the government's motion *in limine* will result in a considerably shorter trial and will

14   eliminate the need to call several custodians of record to answer a substantial amount of routine and

15   repetitive questions over matters that are not in controversy.

16        On September 9, 2016, the government asked defendants to stipulate to the admission of these

17   records.  Eickhof Decl. ¶4, Attachment D.  Defendants have not yet agreed, precipitating the instant

18   motion.  *Id.*  The government's request provided the bates range of the documents in question, together

19   with their respective certifications under Rule 902.  *Id.*  The underlying certified documents were

20   produced in discovery.  *Id.* ¶5 .  The trial exhibits sought to be admitted are specifically identified in

21   Attachment E to this motion.  The corresponding 902(11) certifications and certified public records are

22   attached as Exhibits 1 through 26 to Attachment E.

23        **A.    Auction Paperwork and Bank Records Are Properly Authenticated and**
          **Admissible Business Records**
24

25        The auction paperwork and bank records the government intends to introduce at trial are all

26   accompanied by certifications establishing the foundation to admit these records pursuant to Federal

27   Rules of Evidence 803(6) and 902(11).  For business records to be admissible, "the following

28   foundational facts must be established through the custodian of records or another qualified witness: (1)

the records must have been made or transmitted by a person with knowledge at or near the time of the incident recorded; and (2) the record must have been kept in the course of a regularly conducted business activity." *United States v. Ray*, 930 F.2d 1368, 1370 (9th Cir. 1991). The phrase "another qualified witness" is "broadly interpreted to require only that the witness understand the record-keeping system." *Id*. Thus, the Ninth Circuit has held that forms and documents are admissible when qualified employees of the institution testified that "while they themselves had no personal knowledge of the transactions or of the execution of the documents, the exhibits in question were kept in the regular course of business and [ ] they related to the individual loans involved." *Turner v. United States*, 202 F.2d 523, 525 (9th Cir. 1953).

The qualified witness need not be a current employee of the business in order to provide a sufficient business-record foundation. *United States v. Childs*, 5 F.3d 1328, 1334 (9th Cir. 1993) (holding that testimony of former employees provided sufficient foundation when employees were familiar with contents and preparation of the exhibits in question). Moreover, there is no requirement that the proponent establish when and by whom the documents were prepared as long as the witness can testify that the documents were made "at or near the time" of the act or events it purports to record. *United States v. Bland*, 961 F.2d 123, 127 (9th Cir. 1992); *Ray*, 930 F.2d at 1370-71. Exhibits "can be admitted as business records of an entity, even when that entity was not the maker of those records, so long as the requirements of Rule 803(6) are met and the circumstances indicate the records are trustworthy." *Childs*, 5 F.3d at 1333. In *Childs,* the district court admitted documents, such as certificates of title, purchase orders, and odometer readings, which were kept by auto dealerships in the regular course of their businesses, even though the dealerships did not themselves prepare the records. *Id.* at 1332-33. In upholding the admission of these documents as the dealerships' business records, the Ninth Circuit noted that the witnesses from the dealerships testified that the documents in question were kept in the regular course of business and that the dealerships relied on the documents in conducting their business and had an interest in the reliability of the documents. *Id. See also United States v. Licavoli*, 604 F.2d 613, 622-23 (9th Cir. 1979) (appraisal by appraiser retained by insurance company admissible as insurance company's business records).

A qualified witness does not have to testify at trial and instead can sign a certificate of

authentication for the business records.  These certificates are sufficient for business records to be admitted.  Fed. R. Evid. 803(6)(D) ("all these conditions are shown by the testimony of the custodian or another qualified witness, or by a *certification* that complies with Rule 902(11) or (12)" (emphasis added)); Fed. R. Evid. 902(11) (noting business records are admissible without authentication at trial if accompanied "by a certification of the custodian or other qualified person" attesting that the records satisfy the requirements of Rule 803(6)); *United States v. Towns*, 718 F.3d 404, 409 (5th Cir. 2013) ("A proper foundation is laid for business records simply by an affidavit that attests to the requisite elements of Federal Rule of Evidence 803(6)."); *United States v. Yeley-Davis*, 632 F.3d 673, 680-81 (10th Cir. 2011) (agreeing with other circuits and holding that certificates of authenticity presented under Rule 902(11) are not testimonial and not subject to the confrontation clause).  *See also Crawford v. Washington*, 541 U.S. 36, 56 (2003) (finding that most of the hearsay exceptions covered statements that were not testimonial, in particular, business records or statements in furtherance of a conspiracy).

### 1.    Auction Paperwork

The government intends to introduce auction paperwork, such as bid logs created by auctioneers that tracked the bidders who qualified to bid at the public auction of a selected property, cashier's checks used to purchase the properties, Receipts of Funds ("ROF"), Trustees' Deeds Upon Sale ("TDUS"), trustees' letters, and records of payments to mortgage holders.  These records were produced by the trustee companies that managed the foreclosure process for a selected property and by the posting companies that were hired by the trustee to handle the sale of the foreclosed property at the public auction.  These records were provided to defendants in discovery.  Eickhof Decl. ¶5.

The auction paperwork listed in Attachment E is all properly certified by custodians asserting that the records were made at or near the time of the occurrence of the matters set forth by or from information transmitted by a person with knowledge of those matters, were kept in the course of regularly conducted activity, and were made by the regularly conducted activity as a regular practice, in compliance with Federal Rules of Evidence 902(11) and 803(6). As such, they are properly authenticated and are admissible hearsay.

Additionally, the ROF and TDUS documents are separately admissible under Rule 803(15) because they purport to establish or affect an interest in property and because the statements made in the

documents were relevant to the purpose of the documents.  Fed. R. Evid. 803(15).  *See also Kew v. Bank of America, N.A.*, Case No. H–11–2824, 2012 WL 1414978, at *3, n.4 (S.D. Tex. Apr. 23, 2012) ("The statement in the deed of trust identifying the amount of the mortgage loan is admissible under Federal Rule of Evidence 803(15) as a statement in documents that affect an interest in property.").

## 2. Bank Records

The government also plans to introduce bank records, such as signature cards and checks, into evidence to show the payments the defendants made and received pursuant to the bid-rigging conspiracy.  The government provided these records to defendants together with their 902(11) certifications in discovery.  Eickhof Decl. ¶ 5.  Much like the auction paperwork, the bank records listed in Attachment E are all properly certified by a custodian asserting that the records were made at or near the time of the occurrence of the matters set forth by or from information transmitted by a person with knowledge of those matters, were kept in the course of regularly conducted activity and were made by the regularly conducted activity as a regular practice, in compliance with Fed. R. Evid. 902(11) and 803(6).  As such, they are properly authenticated and are admissible hearsay.

## B. DMV Records and California Secretary of State Incorporation Records Are Properly Authenticated and Admissible as Self-Authenticating Public Records

The government plans to introduce certified DMV license printouts for defendants and incorporation records from the California Secretary of State for Alvin Florida's companies and Robert Rasheed's companies.  These documents are admissible as self-authenticating public records pursuant to Rules 803(8), 902(1), and 902(4) of the Federal Rules of Evidence.  The documents are relevant to show the comparison of defendants' known signatures on their driver's licenses with signatures that appear on checks and on the ROFs.  The driver's license numbers are also relevant because the auctioneers recorded the name and driver's license number for each bidder who qualified to bid on a particular property.  The DMV records thus help to establish defendants' participation in the public real-estate foreclosure auctions.  The incorporation records are relevant to show the owners of the entities that took title to the auctioned properties as well as the defendants' known signatures.

The government produced certified copies of defendants' driver's licenses and the incorporation records in discovery.  Eickhof Decl. ¶7.  These records are therefore admissible as self-authenticating

pursuant to Federal Rule of Evidence 902(11). The DMV license printouts and incorporation records bear the seal of the State of California and a signature purporting to be an execution or attestation. These records are also admissible under the exception to the hearsay rule for public records pursuant to Federal Rule of Evidence 803(8). *United States v. Kuzmenko*, No. 2:12-cr-00062 JAM, 2014 WL 1334003, at *3 (E.D. Cal. April 2, 2014) (holding that driver's licenses are admissible under the public records exception to the rule against hearsay); *United States v. Cuesta*, No. 1:06-CR-40 AWI (CVB Mag, P484375) 2007 WL 2729853, at *15-16 (E.D. Cal. Sept. 19, 2007) (holding that public records exception of Rule 803(8) applies to drivers' licenses), *aff'd*, 286 Fed. Appx. 358, 359 (9th Cir. 2008).

Hence, the Court should admit the certified copies of defendants' driver's licenses and the incorporation records into evidence as self-authenticating public records.


DATED: September 14, 2016                    Respectfully submitted,



                                        _____/s/_____
                                        ASHLEY EICKHOF
                                        MANISH KUMAR
                                        ALBERT B. SAMBAT
                                        SUSAN A. MUSSER
                                        Trial Attorneys
                                        Antitrust Division
                                        U.S. Department of Justice