EDWIN PRATHER, CABN 190536
MAX MIZONO, CABN 286573
PRATHER LAW OFFICES
461 Bush Street, Suite 350
San Francisco, CA 94108
Telephone: (415) 881-7774
Email: edwin@pratherlawoffices.com
       max@pratherlawoffices.com

Attorneys for Defendant
REFUGIO DIAZ
On Behalf of All Defendants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALVIN FLORIDA, JR.,<br>ROBERT ALHASHASH RASHEED,<br>JOHN LEE BERRY, III, and<br>REFUGIO DIAZ.<br><br>Defendants. | Case No.: CR 14-0582 PJH<br><br>**DEFENDANTS' JOINT PRETRIAL CONFERENCE STATEMENT**<br><br>Pretrial Conference Date: October 12, 2016<br>Time: 1:30 PM<br>Judge: The Honorable Phyllis J. Hamilton<br><br>Trial Date: October 31, 2016 |

Defendants Alvin Florida, Jr., Robert Alhashash Rasheed, John Lee Berry, III, and Refugio Diaz hereby submit the following Pretrial Conference Statement.

## I. INTRODUCTION

The lone count in the indictment charges the defendants with a Bid-Rigging Conspiracy, in violation of 15 U.S.C. § 1, whereby the defendants purportedly conspired to, and participated in

hundreds of foreclosure auctions in Alameda County to purchase real estate at suppressed prices. Thereafter, the defendants and others allegedly held secondary private auctions ("rounds") at which someone other than the winner of the public auction would purchase the property at issue.

Defendants submit that they did not conspire to suppress competition in violation of 15 U.S.C. § 1 of the Sherman Antitrust Act, and that the government will be unable to meet its burden to prove beyond a reasonable doubt all of the elements of a bid rigging conspiracy prosecution.

## II. MATTERS ADDRESSED PURSUANT TO CRIMINAL LOCAL RULE 17.1-1

Pursuant to Criminal Local Rule 17.1-1, defendants address the following matters.

### A. Witness Statements

The government has listed a large number of witnesses who have plead guilty. It has also identified a number of hearsay statements of witnesses that it will seek to introduce as coconspirator statements. (Dkt. No. 194). The defense asks that the government be ordered to produce transcripts of the witnesses' statements at their change of plea hearings.[1]

The government also filed an exhibit list identifying more than over 430 exhibits on September 7, 2016 (Dkt. No. 225). The actual exhibits have not yet been produced to the defense, and when they are produced, it will take the defense a lengthy time to download and review those exhibits. Moreover, while the government has accurately listed the Bates range for some exhibits, on certain other exhibits, the government has merely listed the Bates range as "various starting with [beginning Bates range]." Defendants request that the Court order the government to specify the exact Bates range for each exhibit the government intends to rely on during its case-in-chief, rather than force the defendants to guess the Bates range for each exhibit listed.

---

[1] The defense is aware that the Court expects the cooperating witnesses who are scheduled to testify in this case to enter new plea agreements as to Count One, as well as have their change of plea hearings as to Count One, sometime before trial commences on October 31, 2016.

Defendants also reserve the right to designate witnesses and exhibits until they have had ample time to download, assemble and review the exhibits identified by the government.

**B. Use of Grand Jury Testimony**

It is expected that witnesses who testified before a grand jury in this district will be called as witnesses at trial. Defendants request that the Court unseal such witnesses' grand jury testimony, and order the government to produce it to the defendants, so that it may be employed, if necessary, for refreshing witnesses' recollections, impeachment, and other such purposes.

**C. Disclosure of Exculpatory Evidence to the Defense**

The defendants have previously requested that the government provide all exculpatory and other relevant information to which the defendants are entitled under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), the Jencks Act, 18 U.S.C. § 3500, *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and other related authorities. The defendants request that the Court order the government to produce all outstanding discovery in this regard.

**D. Stipulation of Facts**

On September 9, 2016, the government asked defendants to stipulate to the admission of certain business and public records. At this time, the defendants do not, and will not, stipulate to anything offered by the government in this trial.

**E. Appointment of Interpreters**

Defendants are not aware of the need for interpreters in this matter.

**F. Dismissal of Counts**

The government has dismissed with prejudice the mail fraud counts and forfeiture allegation from the indictment.

//

**G. Joinder and Severance Issues**

Several defendants have previously raised severance issues for the Court's consideration. (Dkt. Nos. 233, 234, 237). It is expected that these issues will be resolved at the pretrial conference.

**H. Identification of Informants, Use of Line-ups, Evidence of Prior Convictions, Etc.**

The FBI used undercover agents and cooperating witnesses during its investigation of this case. The cooperating witnesses have been identified, but the identity of the undercover agent, Special Agent UCE-3322, has not. UCE-3322 is listed on the government's witness list by number only, rather than by name. That individual's identity must be disclosed.

Some witnesses on the government's witness list have suffered prior convictions. If one or more of these witnesses is called to testify, the defendants may use their prior convictions to impeach their credibility pursuant to Federal Rule of Evidence 609(a)(1).

**I. Pretrial Exchange of Witness Lists**

The government has filed a witness list. (Dkt. No. 226). Defendants reserve the right to file a witness list as needed in response to the government's witness list, as trial preparation continues, and/or as the government's case-in-chief proceeds.

**J. Pretrial Exchange of Documents, Exhibits, Etc.**

The government has filed an exhibit list identifying more than 430 exhibits. (Dkt. No. 225). As noted in "A", *supra*, while the government has accurately listed the Bates range for some exhibits, on certain other exhibits, the government has merely listed the Bates range as "various starting with [beginning Bates range]." Defendants request that the Court order the government to specify the exact Bates range for each exhibit the government intends to rely on during its case-in-chief, rather than force the defendants to guess the Bates range for each exhibit listed.

Defendants further reserve the right to file an exhibit list, and to update or supplement their list of exhibits, as the defense reviews the government's evidence, as new evidence is discovered, and as the case proceeds.

**K. Pretrial Resolution of Objections to Evidence and Testimony**

The defendants' Objections to the Government's Notice of Co-Conspirator Statements (Dkt. No. 227), as well as the defendants' Motions in Limine (Dkt. Nos. 229, 230, 231, 231-1, 231-2, 236), raise objections to the admission of various evidence. It is expected that these issues will be resolved at the pretrial conference.

**L. Controverted Points of Law**

The defendants' Objections to the Government's Notice of Co-Conspirator Statements (Dkt. No. 227), as well as the defendants Motions in Limine (Dkt. Nos. 229, 230, 231, 231-1, 231-2, 236) raise numerous controverted points of law for the Court's resolution. It is expected that these issues will be resolved at the pretrial conference. Defendants have also proposed separate jury instructions and voir dire/juror questionnaire related to legal issues that the defense believes should be resolved before the trial commences.

**M. Scheduling of the Trial and Witness Testimony**

This trial will be complicated and lengthy. The defendants believe that both parties would benefit from an arrangement concerning the scheduling of witnesses.

**N. Jury Questionnaire, Voir Dire, and Jury Instructions**

The parties have agreed to submit joint voir dire questions and jury instructions. The defendants are also submitting separate voir dire questions to be asked by the Court. In the alternative, the defendants have asked that the voir dire questions be submitted to prospective jurors as a juror

questionnaire to streamline the jury selection process. The defendants have also submitted separate jury instructions for the Court's consideration.

### 1. Jury Questionnaire

Defendants request that the Court ask prospective jurors to complete the Court's questionnaire, as well as the defendants' proposed juror questionnaire (filed as defendants voir dire).

### 2. Voir Dire Questioning

Defendants request that the parties be permitted to conduct attorney voir dire of prospective jurors, as submitted jointly, and separately, by the parties.

### 3. Jury Instructions

The parties filed proposed jury instructions (Dkt. No. 240), and the defendants filed separate proposed jury instructions (Dkt. No. 241) for the Court's consideration. Defendants reserve the right to supplement their proposed jury instructions as appropriate given the evidence adduced at trial.

Dated: September 28, 2016                                    Respectfully submitted,


                                                             /s/
                                                             EDWIN PRATHER
                                                             MAX MIZONO
                                                             PRATHER LAW OFFICES
                                                             Attorneys for Refugio Diaz
                                                             ON BEHALF OF ALL DEFENDANTS