MANISH KUMAR (CSBN 269493)
ALBERT B. SAMBAT (CSBN 236472)
SUSAN A. MUSSER (MOBN 63116)
ASHLEY EICKHOF (CSBN 307143)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
ashley.eickhof@usdoj.gov
Telephone: (415) 934-5300

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALVIN FLORIDA, JR.,<br>ROBERT ALHASHASH RASHEED,<br>JOHN LEE BERRY, III,<br>REFUGIO DIAZ, and<br>STEPHAN ALEXANDER FLORIDA,<br><br>Defendants. | CASE NO. CR 14-00582 PJH<br><br>**UNITED STATES' PRETRIAL CONFERENCE STATEMENT**<br><br>Pretrial Conference: October 12, 2016<br>Court: Hon. Chief Judge Phyllis J. Hamilton<br>Trial Date: October 31, 2016 |

The United States respectfully submits this pretrial conference statement, pursuant to Criminal Local Rule 17.1-1.

1. **17.1-1(b)(1): Disclosure and contemplated use of statements or reports of witnesses under the Jencks Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2**

The government has provided statements and reports of witness interviews under the Jencks Act. The government will produce any other available Jencks material in advance of the pretrial conference.

/ /

/ /

### 2. 17.1-1(b)(2): Disclosure and contemplated use of grand jury testimony of witnesses to be called at trial

The government disclosed all the grand jury transcripts of percipient witnesses who testified before the grand jury, including Mohamed Zouheir Joudi. The government has identified Mr. Joudi as a potential trial witness. *See* United States' Witness List, dkt. 226 at 2. The government may use Mr. Joudi's grand jury testimony at trial for impeachment purposes or to refresh his recollection.

### 3. 17.1-1(b)(3): Disclosure of exculpatory or other evidence favorable to the defendant on the issue of guilt or punishment

The government has produced all available exculpatory or other evidence favorable to defendants in its possession. The government is continuing to review its files and will provide any additional available *Giglio* materials in advance of the pretrial conference.

### 4. 17.1-1(b)(4): Stipulation of facts which may be deemed proved at the trial without further proof by either party and limitation of witnesses

On September 9, 2016, the government proposed that defendants stipulate to the admissibility of certain business records and public records, including: (1) auction paperwork, (2) bank records, (3) DMV records, and (4) incorporation records. Defendants did not respond to the government's proposal. The parties have yet to agree to any stipulations. *See* United States' Motion *In Limine* No. 5.

### 5. 17.1-1(b)(5): Appointment by the Court of interpreters under Fed. R. Crim. P. 28

The government does not anticipate using any Court interpreters.

### 6. 17.1-1(b)(6): Dismissal of counts and elimination from the case of certain issues, e.g., insanity, alibi and statute of limitations

Defendants were charged in the indictment with one count of bid rigging and eight counts of mail fraud. The government moved to dismiss the eight counts of mail fraud. On September 1, 2016, the Court granted the dismissal motion and ordered Counts Two through Nine and the forfeiture allegation be dismissed from the indictment.

None of the defendants have provided notice of any defenses pursuant to Federal Rule of Criminal Procedure 12.

//

**7. 17.1-1(b)(7): Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant**

Defendants Alvin Florida, John Berry, and Refugio Diaz have filed motions to sever their trials.

**8. 17.1-1(b)(8): Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness, etc.**

The government has disclosed the identities of the confidential human sources in this case. The United States has filed a motion *in limine* to exclude evidence of prior convictions for four of its potential witnesses.

**9. 17.1-1(b)(9): Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment or rebuttal**

The government filed its witness list on September 7, 2016, in accordance with the Court's August 31, 2016 Pretrial Order. *See* dkts. 216, 223. To date, the defense has not provided the government with a witness list or any response to its Rule 16 reciprocal discovery requests.

**10. 17.1-1(b)(10): Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams intended to be offered or used at trial, except materials that may be used only for impeachment or rebuttal**

The government filed its exhibit list on September 7, 2016, in accordance with the Court's August 31, 2016 Pretrial Order. *See id.* To date, the defense has not provided the government with an exhibit list or any Rule 16 reciprocal discovery.

The government will provide a copy of its exhibit binder to the defense at the pretrial conference on October 12, 2016. The government attached copies of the summary charts sought to be introduced at trial to its motion *in limine*.

**11. 17.1-1(b)(11): Pretrial resolution of objections to exhibits or testimony to be offered at trial**

The government has filed five motions *in limine* seeking pretrial resolution regarding the admission of various types of argument and evidence.

The government also has provided notice of various types of evidence it seeks to introduce at trial. On August 15, 2016, the government provided notice of coconspirator statements and requested that the Court conditionally admit such statements.

The government filed a notice of acts that it will seek to introduce as inextricably intertwined or, in the alternative, as evidence admissible under Federal Rule of Evidence 404(b) on September 14, 2016.

Defendants have filed a motion *in limine* to introduce testimony regarding an analysis of auction sale prices in Alameda County during and after the indictment period. *See* Defs. Joint Mot. In Limine 1, dkt. 236. The government objects to this testimony Federal Rules of Evidence 402 and 403. *See* Gov. Motion in Limine No. 1, dkt. 245. It is also improper opinion testimony under Rule 702. If defendants intend to offer this testimony, the government requests a *Daubert* hearing.

**12. 17.1-1(b)(12): Preparation of trial briefs on controverted points of law likely to arise at trial**

On September 2, 2016, the Court ordered the parties to file objections to proposed jury instructions in lieu of trial briefs. Order Further Modifying Pretrial Filing Deadlines, dkt. 223. The government has filed objections to defendants' proposed jury instructions.

**13. 17.1-1(b)(13): Scheduling of the trial and of witnesses**

The government believes its case-in-chief will not exceed 10 trial days. This estimate may change depending on the length of cross-examination and, most significantly, on whether defendants stipulate to admissibility of business records and certified public records or on the Court's ruling on the United States' motion *in limine* to admit business and public records pursuant to Rule 803(6), 803(8), 902(1), 902(4), and 902(11). A stipulation by defendants or a ruling by this Court granting the United States' motion to admit these records will eliminate the need to call several custodians of record to answer routine and repetitive questions over matters that are not in controversy.

**14. 17.1-1(b)(14): Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1, voir dire questions, exercise of peremptory and cause challenges and jury instructions**

In accordance with the Court's pretrial order, the government has filed proposed jury instructions. The parties have also submitted a joint set of voir dire questions. As indicated in that filing, the parties believe it might streamline the process to add these additional voir dire questions to the standard questionnaire. The government is not independently proposing any additional voir dire questions.

| | |
|---|---|
| 1 | Defense counsel filed a motion for additional peremptory challenges.  The government has filed |
| 2 | an opposition to this motion. |

**15. 17.1-1(b)(15): Any other matter which may tend to promote a fair and expeditious trial**

A proposed verdict form has been filed in accordance with the Court's standing order.

DATED:  September 28, 2016                              Respectfully submitted,

                                                                                                               /s/
                                        ASHLEY EICKHOF
                                        MANISH KUMAR
                                        ALBERT B. SAMBAT
                                        SUSAN A. MUSSER
                                        Trial Attorneys
                                        Antitrust Division
                                        U.S. Department of Justice