STEVEN F. GRUEL (SBN 213148)

315 Montgomery Street, 9th Floor
San Francisco, California 94104
Telephone Number (415) 989-1253
Fax Number (415) 449-3622
attystevengruel@sbcglobal.net

www.gruellaw.com

Attorney for Robert Rasheed

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>Vs.<br><br>ALVIN FLORIDA, et al.,<br><br>Defendants. | ) No. CR-14-0582-PJH<br>)<br>) JOINT DEFENSE ADDENDUM TO THE<br>) DEFENSE PRETRIAL STATEMENT<br>)<br>) -and-<br>)<br>) NOTICE REGARDING GOVERNMENT<br>) NON COMPLIANCE WITH JENCKS,<br>) BRADY, GIGLIO & HENTHORN<br>) OBLIGATIONS<br>)<br>) Pretrial Date:  October 12, 2106<br>) Time: 1: 30 p.m.<br>)<br>) Honorable  Phyllis J. Hamilton<br>)<br>) Crim. Local Rule: 17.1-1(b)(1)-(3); (15)<br>)<br>)<br>) |

The defendants, by and through their counsel, jointly submit this JOINT DEFENSE ADDENDUM  TO THE DEFENSE PRETRIAL STATEMENT AND NOTICE OF GOVERNMENT NONCOMPLIANCE WITH *JENCKS*, *BRADY*, *GIGLIO* & *HENTHORN* OBLIGATIONS.

On January 28, 2015, defense counsel expressly requested the identity of the government's anticipated trial witnesses. The government's March 16, 2015 response was simply that it knew of its obligations. On September 7, 2016, the government filed its witness list. (dkt #226). Someone known only as Special Agent UCE-3322 was on that government witness list. On September 14, 2016 the defense specifically requested the identity of Special Agent UCE-3322. Notwithstanding the long standing repeated requests, to date, Special Agent UCE-3322's identity remains a mystery to the defense. This move to "hide the ball" prevents any defense investigation into this critical government witness.

Indeed, late yesterday afternoon, on the eve of the pretrial conference, the prosecution "sand bagged" the defense and **first informed them that it would not reveal UCE-3322's identity whatsoever**. Without clarification, the prosecution simply said there was an alleged "safety" reason for noncompliance with the constitutionally warranted full disclosure (the Right to Confront One's Accusers). The government did note that the "safety" excuse had nothing to do with the defendants in this case.

Furthermore, it is not an acceptable excuse if the government seeks to hide UCE-3322 identity because of "safety" to the integrity to another undercover operation. In every case, the prosecution is forced to make the tough choice to either reveal the identity of its witnesses (including informants and cooperators) or risk the exclusion of evidence. Absent an overriding justification which outweighs the defendants' constitutional rights, the government cannot simply withhold UCE-3322's identity without also excluding direct and indirect evidence associated with this critical witness.

The prosecution's actions are inexcusable. First, the timing of this decision to withhold full disclosure is wholly unjustifiable. In the middle of intense defense trial preparation after all

motions have been filed, the government now drops this bombshell on the Court and defense. The volumes of the discovery reveal UCE-3322 to be an active undercover participant in alleged bid rigging with the defendants and others. Video and photos were taken by UCE-3322. Moreover, as seen in its motion to permit co-conspirator statements under 801(d)(2)(E), the prosecution relies heavily on UCE-3322 to support the elements and introduction of this hearsay evidence. Clearly, the prosecution knew it would rely heavily on this witness, yet waited until yesterday to unveil its decision to keep UCE-3322's identity a secret.

Second, this ninth inning tactic by the government not only flies in the face of the nearly 2 year defense request for the identity of the federal agent, but it also completely frustrates defense trial preparation and the guarantees of Due Process. Obviously without the identification of a significant government witness, the defense cannot complete, much less begin, its full investigation.

Any prosecution assurances that it will "comply with its *Brady, Giglio and Jencks* obligations" while keeping UCE-3322's identity a secret rings hollow and is not supported by the facts in this case. Indeed, only within the last few weeks did the prosecution first disclose that as far back as March 13, 2015, both the Honorable Magistrate Judge Donna M. Ryu and Pretrial Service Officer Nelson Barao deemed government key witness Brian McKinzie to "lack candor" with the Court at a pretrial release revocation hearing. Pretrial Service Officer Barao sought McKinzie's remand because he was a danger to society for undeterred driving while intoxicated. Both the Court and Officer Barao found McKinzie's excuse that his .053 blood alcohol content was due to taking cough syrup to be a lie. Notwithstanding that McKinzie has a long history of DUIs and alcohol abuse, that he committed 2 DUIs while on federal pretrial release in this case, that he lied to the Court, and that pretrial's recommendation was for his detention as a danger to

society, the prosecution amazingly did not support McKinzie's remand into custody. Instead, although "troubled" by McKinzie's dangerous actions, the prosecutor mentioned that McKinzie was as an "instrumental" cooperator and requested that something other than detention be imposed. The government withheld disclosure of this obvious *Giglio* material for 18 months.

In short, just yesterday the prosecution revealed a game changing position. Likely, the government will seek further briefing and argument on its self-made issue. This is unfair to the defense as it diligently prepares for trial. Simply put, the government has to make a decision made it all cases: (1) disclose UCE-3322's identity; or (2) exclude all direct and indirect evidence associated to UCE-3322; or (3) dismiss the charge against the defendants.

Dated: October 12, 2016   Respectfully Submitted,

       ____/s/_____
       SHAFFY MOEEL
       Attorney for Defendant
       ALVIN FLORIDA, JR.


       ____/s/_____
       STEVEN GRUEL
       Attorney for Defendant
       ROBERT ALHASHASH RASHEED


       ____/s/_____
       JOHN FORSYTH
       Attorney for Defendant
       JOHN LEE BERRY, III


       ____/s/_____
       EDWIN PRATHER
       Attorney for Defendant
       REFUGIO DIAZ