UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALVIN FLORIDA, JR.;<br>ROBERT ALHASASH RASHEED;<br>JOHN LEE BERRY, III;<br>REFUGIO DIAZ,<br>Defendants. | Case No. 14-cr-00582-PJH-1<br><br>**ORDER RE UNDERCOVER AGENT TESTIMONY** |
|---|---|

Following the pretrial conference held on October 12, 2016, the government filed a motion for miscellaneous relief regarding the testimony of undercover agent UCE-3322 (the "UC"), and submitted the factual details supporting its motion in an ex parte declaration to be filed under seal. Doc. no. 275. Defendants filed a response in opposition to the government's publicly filed motion. Doc. no. 279.

The government has a qualified privilege to withhold an informant's identity. *See Roviaro v. United States*, 353 U.S. 53, 59-61 (1957). There is no fixed rule as to disclosure of the identity of the informant; rather, the public's interest in the flow of information should be carefully balanced against the individual's right to prepare his defense. *Id.* at 62. In order to balance the interests of the individual and society, the court examines three factors to determine whether an informant's identity should be revealed: (1) the degree of the informant's involvement in the criminal activity; (2) the relationship between the defendant's asserted defense and the likely testimony of the informant; and (3) the government's interest in nondisclosure. *United States v. Gonzalo Beltran*, 915 F.2d 487, 488-89 (9th Cir. 1990) (per curiam). Courts generally require

"disclosure where the informant was a participant in, or a witness to the crime charged." 3 Wharton's Criminal Evidence § 11:60 (15th ed.) (updated Nov. 2015). Conversely, they "generally do not require disclosure where the informant merely introduced the police officers to the defendant, supplied information to law enforcement officers, played some other peripheral role in the crime, or where the prosecution did not rely on the informant or on information supplied by him in showing the defendants' guilt." *Id.*

With regard to the first two *Gonzalo Beltran* factors, the court finds that: 1) the UC was a percipient witness to and a participant in the alleged bid-rigging activity, having met with defendants and directly participated in rounds, as well as recording, videotaping and photographing defendants at the public auctions and rounds, and 2) the UC's credibility will likely be a key issue for the defense, given his expected testimony implicating defendants' in the alleged single overarching conspiracy to rig bids. The government does not argue otherwise. Its motion is directed to the third factor -- the government's interest in nondisclosure.

Based on its brief and supporting declaration, which was filed under seal, the government requests that the court find that the extraordinary measures it proposes are necessary to protect the true identity of the UC at trial, that the disclosure of the UC's true identity could jeopardize ongoing undercover investigations and the government's undercover investigative procedures, and that the UC faces a real and substantial risk of danger if the agent's physical image was to be made publicly available. Defendants, who admittedly do not have access to the basis for the government's concerns, object to the withholding of the UC's identity from them and the closing of the courtroom during trial.

Having reviewed the factual basis for the government's request, the court makes the following findings. First, while the government's concerns for the safety of the UC are legitimate and not insubstantial, the risks for the UC are attenuated and, importantly, do not arise from the investigation in this case or from any of these defendants or their associates. Because of this, the court would not implement the requested measures to the detriment of these defendants based on the government's general interest in

protecting the integrity of ongoing undercover investigations. Second, the court finds that in balancing the interests of both sides, defendants' need for the UC's identity, in order to prepare a defense and have a fair opportunity to cross-examine the UC, outweighs the government's interest in protecting the UC's identity. Accordingly, the government's motion to withhold the true identity of the UC is DENIED and the government must disclose the true identity of the UC to defense counsel if it wishes to rely on the UC for trial. The government must disclose the UC's name to the defense by **October 19, 2016.**

Because the government has set forth legitimate concerns about the UC's personal safety, the court rules that the government is not required to disclose the UC's residential address and date of birth, and the UC's name need not be identified on the witness list filed in the public record. Furthermore, any exhibits containing the UC's facial image may be redacted for public filing, and the unredacted video or photographic exhibits that are offered at trial may be filed under seal. However, other security measures requested by the government, such as closing the courtroom to observers, would prejudice defendants by highlighting safety concerns for the UC in front of the jury and denying their right to a public trial.

To protect the UC from having his photograph taken when he testifies, the court will adopt special measures to ensure compliance with General Order 58 which prohibits photographing or recording court proceedings by reminding observers not to take photographs, instructing the court security officers to confiscate any phone or camera that is used to photograph any witness, including the UC, and requesting that a court security officer be stationed at the courtroom entrance during the UC's testimony, to ensure no one takes photographs through the window. The government may also arrange with the United States Marshal Service or court security officers for the UC to enter and exit the courtroom to avoid being photographed or recorded.

The only remaining issue is whether the court will permit the UC to testify pseudonymously. Defendants did not lodge a particular objection to this procedure, and in fact cited to Judge Alsup's order in *United States v. McGaha*, CR 15-126 WHA, doc.

no. 406, as an example of a more narrowly tailored order designed with the goal of protecting the personal safety of undercover agents. The court will address the particular procedures set forth in that order on **October 26, 2016 at 1:30 p.m.**

**IT IS SO ORDERED.**

Dated: October 17, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge