**JOHN D. FORSYTH (SBN 178341)**
**The Law Office of John D. Forsyth**
**2431 Fillmore Street**
**San Francisco, CA 94115**
**415-401-0729 telephone**
**415-401-7609 facsimile**
**sotts@earthlink.net e-mail**

**RICHARD G. HULLINGER (SBN 294025)**
**Law Office of Richard G. Hullinger**
**1000 Brannan Street, Suite 488**
**San Francisco, CA 94103**
**Telephone: (415) 575-3588**
**Facsimile: (415) 522-1506**
**richardh@defendergroup.com**

Attorneys for Defendant
**JOHN LEE BERRY, III**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-582 PJH |
| Plaintiff, | **DEFENDANTS' PROPOSED JURY INSTRUCTION AND BRIEF IN SUPPORT** |
| vs. | |
| ALVIN FLORIDA, JR., ROBERT ALHASHASH RASHEED, JOHN LEE BERRY, III REFUGIO DIAZ and STEPHAN ALEXANDER FLORIDA. | Trial Date: October 31, 2016 Time: 8:30 a.m. Court: The Hon. Phyllis J. Hamilton |
| Defendants. | |

Defendants respectfully request that the attached jury instruction be provided to the jury and submit the following legal brief in support.

BRIEF

The legal concept at issue is called the "single entity" rule. Under section 1 of the Sherman Act a company cannot conspire with itself. *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 769 (1984). The Ninth Circuit has applied the "single entity" rule in a

variety of contexts. It applies to a company and its officers, employees, and wholly owned subsidiaries. *Copperweld*, at 769, 771. It also applies to subsidiaries controlled by a common parent. *Thomsen v. W. Elec. Co*., 680 F.2d 1263, 1265-66 (9th Cir. 1982), firms owned by the same person, *Las Vegas Sun, Inc. v. Summa Corp*., 610 F.2d 614, 616, 618 (9th Cir. 1979), and a firm owned by a subset of the owners of another, *Sunkist Growers, Inc. v. Winckler & Smith Citrus Prods. Co*., 370 U.S. 19, 29 (1962). It applies to principal-agent relationships, *Calculators Haw., Inc. v. Brandt, Inc*., 724 F.2d 1332, 1336 (9th Cir. 1983), and to partnerships or other joint arrangements in which persons who would other-wise be competitors pool their capital and share the risks of loss as well as the opportunities for profit. *Maricopa County Med. Soc'y*, 457 U.S. at 356; *see also Hahn v. Or. Physicians' Serv*., 868 F.2d 1022, 1029 n.5 (9th Cir. 1988). In *Williams v. I.B. Fischer Nevada*, 794 F. Supp. 1026 (D. Nev. 1992), *aff'd*, 999 F.2d 445 (9th Cir. 1993) (per curiam), the court found that a franchisor and its franchisees were a single entity because the inherent nature of the relationship among a franchisor and its franchisees was a "non-competitive environment."

"The theme in these cases is economic unity. Where there is substantial common ownership, a fiduciary obligation to act for another entity's economic benefit or an agreement to divide profits and losses, individual firms function as an economic unit and are generally treated as a single entity." *Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133, 1148 (9th Cir. 2003). Courts have required that "the constituent entities be neither actual nor *potential* competitors or that the nature of the relationship be inherently noncompetitive." *Id*. at 1149 (internal citations omitted) (emphasis in original). "The crucial question is whether the entities alleged to have conspired maintain an 'economic unity,' and whether the entities were either actual or potential competitors. *Jack Russell Terrier Network v. Am. Kennel Club, Inc*., 407 F.3d 1027, 1034 (9th Cir. 2005).

The evidence presented at trial suggests that (1) Alvin Florida employed Refugio Diaz, John Berry, and, at one point, Robert Rasheed; (2) all of the alleged payouts to Diaz and Berry for "rounds" that Diaz and Berry allegedly participated in were paid directly to Florida; (3) the alleged coconspirators testified that all of the alleged payouts for "rounds" that Diaz or Berry

participated in and won would come directly from Florida; and, (4) Diaz and Berry acted as representatives of Florida at the public auction and subsequent "rounds".

Florida, Diaz, and Berry acted as one "economic unit" and their relationship was at all times "inherently noncompetitive". Thus, the reasoning behind the single entity rule should apply to the relationship between Florida, Diaz, and Berry (and to a lesser degree, Rasheed) and an instruction on the rule should be provided to the jury.

Dated: November 9, 2016            Respectfully submitted,

____/s/_____
SHAFFY MOEEL
Attorney for Defendant
ALVIN FLORIDA, JR.

____/s/_____
STEVEN GRUEL
Attorney for Defendant
ROBERT ALHASHASH RASHEED

____/s/_____
JOHN FORSYTH
Attorney for Defendant
JOHN LEE BERRY, III

____/s/_____
EDWIN PRATHER
Attorney for Defendant
REFUGIO DIAZ

# SINGLE ENTITY RULE

Members of the same "economic unit" cannot conspire with each other to rig bids. In order to find that the defendants, Alvin Florida, Jr., Robert Rasheed, Refugio Diaz, or John Berry, III, were members of the same "economic unit" you must find that:

(1) The defendants, or any combination of defendants, were not actual or potential competitors at the Alameda County foreclosure auctions;

AND

(2) The defendants, or any combination or defendants, shared a unity of economic interest at the Alameda County foreclosure auctions.