MANISH KUMAR (CSBN 269493)
ALBERT B. SAMBAT (CSBN 236472)
SUSAN A. MUSSER (MOBN 63116)
ASHLEY EICKHOF (CSBN 307143)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
ashley.eickhof@usdoj.gov
Telephone: (415) 934-5300

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALVIN FLORIDA, JR.,<br>ROBERT ALHASHASH RASHEED,<br>JOHN LEE BERRY, III, and<br>REFUGIO DIAZ,<br><br>Defendants. | CASE NO. CR 4:14-00582 PJH<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANTS' PROPOSED JURY INSTRUCTION AND PROPOSED MODIFIED INSTRUCTION NO. 7**<br><br>Court: Hon. Chief Judge Phyllis J. Hamilton |

The rule of *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 769 (1984), should not apply to this case. *Copperweld* comes into play where an alleged conspiracy takes place only within a single company. Here, the allegation and all of the evidence show that the defendants – even if some combination of them were part of the same company at some point – conspired with <u>other bidders</u> at the real-estate foreclosure auctions, bidders who did not work for Al Florida. The government has not accused the defendants of conspiring only with each other. Defense counsel's arguments have created such a risk of jury confusion that the government proposes to add language to Instruction No. 7 to

clarify this issue.  It is important that the jury understand that they should only acquit the defendants (on *Copperweld* grounds) if they conclude that the conspiracy included only Al Florida's company, and no one else – a finding that would be impossible to sustain based on the facts presented at trial.  The government's proposed revised jury instruction is attached.

*Copperweld* goes to the Sherman Act's requirement that a conspiracy to restrain trade involve an agreement between at least two parties.  *Copperweld*, 467 U.S. at 770.  *Copperweld* addresses the situation where two alleged conspirators actually have a parent-subsidiary relationship and thus are not separate legal entities.  *Id.*  The case stands for the proposition that commonly owned or controlled corporations cannot be deemed separate legal entities which can individually be held liable for conspiring to restrain trade under the Sherman Act.  Defendants do not cite any authority suggesting that this instruction has any relevance to the case at hand.

That is because no reasonable jury could conclude that the defendants are not guilty based on the defendants' instruction.  Not a single case cited by the defendants supports the proposition that these cases would extend to a case such as the one charged.  The record is replete with evidence that the defendants conspired with others.  Doug Ditmer, Danli Liu, Brad Roemer, Miguel DeSanz, and Jorge Wong all testified that they rigged bids with the defendants. This is not a case wholly involving one entity or a conspiracy only among the four defendants themselves.  During the trial, the defendants themselves have elicited testimony from the witnesses about all of the other coconspirators involved and all of the additional names on the round sheets. For example, during the cross examination of Jorge Wong on November 8, Rasheed's counsel focused on the sheer number of other competitors listed on Wong's spreadsheet of round participants.  Thus, defendants' proposed instruction is inapplicable.

Defendants' proposed instruction, moreover, will only sow confusion.  It wrongly suggests that the defendants cannot be part of the same conspiracy if they worked at the same company.  That is a complete misreading of *Copperweld*. *Copperweld* means that there cannot be a conspiracy that occurs wholly within one company.  Multiple employees of a company can be part of a conspiracy, as long as the conspiracy also includes competitors.   In a price-fixing conspiracy among large multinational corporations, for example, many employees from each company may be involved in a price-fixing

agreement. It would be absurd to create a rule that an employee could not be liable for price fixing because other individuals at his or her company were also involved in the criminal conduct.

Defendants' instruction is confusing for several additional reasons. First, it suggests that the defendants are part of the same "economic unit" even if only a "combination of defendants" were not actual or potential competitors. This is particularly troubling in light of the fact that defendant Rasheed was not an employee of defendant Florida's for more than a year of the conspiracy period. It would be wrong for the jury to find that, for example, because defendants Diaz and Berry were employees of Florida, that Rasheed was part of the economic unit as well. Moreover, the term "unity of economic interest" is vague and undefined. The jury could find that all members of the conspiracy shared a "unity of economic interest" because they all wanted to buy properties at the lowest price and wanted to make money from rounds. "A commonality of interest exists in every cartel." *Freeman v. San Diego Ass'n of Realtors*, 322 F.3d at 1133, 1148 (9th Cir. 2003).

Moreover, the determination of whether the competitors are a "single entity" is a fact-intensive analysis involving many factors, as defendants' own citation demonstrates. *Id.* 1147-48. The defendants' instruction includes none of these factors, leaving the jury adrift.

The government proposes to clarify the issue by modifying the Instruction No. 7, entitled "CONSPIRACY – KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS." The modified instruction is attached as Attachment A. Specifically, the government requests that the Court add two sentences to the end of the instruction: "A company's employees cannot conspire only amongst themselves. However, if someone inside the company agrees with someone outside the company to rig bids at the foreclosure auctions, that is an unlawful bid-rigging conspiracy." This language addresses defendants' concern that the conspiracy must include competitors while ensuring that the jury does not improperly assume that employees of the same company cannot all be part of a single conspiracy.

//
//
//
//
//

For the foregoing reasons, the government respectfully requests that the Court adopt the government's revised proposed Instruction No. 7 and reject the defendants' proposed "SINGLE ENTITY RULE" instruction.

Dated: November 9, 2016                          Respectfully submitted,

/s/
ASHLEY EICKHOF
MANISH KUMAR
ALBERT B. SAMBAT
SUSAN A. MUSSER
Antitrust Division
U.S. Department of Justice

No. CR 4:14-00582 PJH

4