MANISH KUMAR (CSBN 269493)
ALBERT B. SAMBAT (CSBN 236472)
SUSAN A. MUSSER (MOBN 63116)
ASHLEY EICKHOF (CSBN 307143)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
ashley.eickhof@usdoj.gov
Telephone: (415) 934-5300

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALVIN FLORIDA, JR.,<br>ROBERT ALHASHASH RASHEED,<br>JOHN LEE BERRY, III, and<br>REFUGIO DIAZ,<br><br>Defendants. | CASE NO. CR 4:14-00582 PJH<br><br>**GOVERNMENT'S PROPOSED INSTRUCTION REGARDING COOPERATORS' TESTIMONY AND OPPOSITION TO DEFENDANTS' PROPOSED INSTRUCTION**<br><br>Court: Hon. Chief Judge Phyllis J. Hamilton |

On November 8, 2016, the Court directed the parties to meet and confer with respect to government's proposed instruction 40. The parties met and conferred and have been unable to reach a resolution. At 2:11 pm today, the defendants filed their own proposed language (Dkt. 315). In response, the government submits its proposed instruction below. The government's proposed instruction is nearly identical to the language of Ninth Circuit Model Jury Instruction 4.9, with the only exception being that the government's instruction adds that the witnesses "testified pursuant to a cooperation agreement." The defendants' proposed additional language – that the witnesses are "hoping for further

consideration at a future time" – is not located anywhere in the model instruction. In addition, it is vague and confusing – it is unclear what "further consideration" means here. There is no need to believe that the model language is inadequate and requires supplementation.

The defendants also cite the jury instructions in *United States v. Cervantes*, No. 12-CR-00792-YGR, Dkt. 1437 (N.D. Cal. Aug. 11, 2016), but the *Cervantes* instructions apply to testifying witnesses who apparently received varied benefits from the government, such as compensation and immunity. By contrast, this case involves a simpler situation, where all of the cooperating witnesses are testifying pursuant to essentially the same, standard cooperation agreement.

The government still intends to file a complete set of jury instructions at 4pm and will include the instruction on the following page.

Dated: November 9, 2016                                   Respectfully submitted,

                                                          /s/
                                                          ASHLEY EICKHOF
                                                          MANISH KUMAR
                                                          ALBERT B. SAMBAT
                                                          SUSAN A. MUSSER
                                                          Antitrust Division
                                                          U.S. Department of Justice

## TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES – IMMUNITY, BENEFITS, ACCOMPLICE, PLEA

You have heard testimony from Doug Ditmer, Danli Liu, Brad Roemer, Miguel DeSanz, and Jorge Wong, witnesses who pleaded guilty to a crime arising out of the same events for which the defendants are on trial and who testified pursuant to a cooperation agreement. These guilty pleas are not evidence against the defendants, and you may consider them only in determining these witnesses believability.

For this reason, in evaluating the testimony of these witnesses, you should consider the extent to which or whether their testimony may have been influenced by this factor. In addition, you should examine his or her testimony with greater caution than that of other witnesses.