UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALVIN FLORIDA, JR.;<br>ROBERT ALHASASH RASHEED;<br>JOHN LEE BERRY, III; and<br>REFUGIO DIAZ,<br>Defendants. | Case No. 14-cr-00582-PJH-1<br><br>**ORDER ON DEFENDANTS' REQUEST FOR SINGLE ENTITY INSTRUCTION; DISPUTED INSTRUCTION ON COOPERATING WITNESSES** |

Defendants request an instruction that members of the same "economic unit" cannot conspire with each other to rig bids under the single entity doctrine announced in *Copperweld Corp. v. Indep. Tube Corp.,* 467 U.S. 752, 771 (1984), which held that parent and subsidiary corporations share a unity of interest and are therefore incapable of conspiring with each other under § 1 of the Sherman Act. Doc. no. 311. The government opposes defendants' proposed instruction on the ground that it would confuse the jury by suggesting that defendants cannot be part of the same conspiracy if they worked at the same company, even if the conspiracy included competitors. Doc. no. 314. The government also objects to instructing the jury on finding that defendants were members of the same "economic unit" and "shared a unity of economic interest" to apply the *Copperweld* rule, for failing to define those terms clearly and permitting the jury to find that all the conspirators shared a commonality of interest. Because the instruction proposed by the defense risks jury confusion, the court denies defendants' request to give their specific proposed instruction.

The government concedes that the jury should understand that they should acquit defendants on *Copperweld* grounds if they conclude that the alleged conspiracy included only Al Florida's company and no one else. The government's proposed modification to the instruction on knowledge of and association with other conspirators, is not, however, much clearer in instructing the jury that a company and its employees are not capable of conspiring with each other for purposes of § 1 of the Sherman Act. Further, the single entity instruction is better suited to modify the bid rigging instruction, which instructs the jury that a conspiracy to rig bids is an agreement to eliminate, reduce or interfere with competition. Accordingly, the court modifies the bid rigging instruction no. 3, doc. no. 317, to add the following sentence after line 15, before the bracketed portions of the model ABA instruction:

> An internal agreement only between owners and employees of the same company does not constitute a conspiracy.

*See Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133, 1147 (9th Cir. 2003) (holding that the single-entity rule applies to a company and its officers, employees and wholly owned subsidiaries; firms owned by the same person; and principal-agent relationships) (citing *Copperweld*); *Siegel Transfer, Inc. v. Carrier Exp., Inc.*, 54 F.3d 1125, 1134 (3d Cir. 1995) ("In *Copperweld* the Court made clear that section 1 does not capture coordinated activity among the employees and officers of the same firm or police "internal agreements" between a corporation and these individuals.") (citing *Copperweld*, 467 U.S. at 769).

After the court instructed the parties to meet and confer on instruction no. 40 on testimony of witnesses involving special circumstances, the parties have proposed competing instructions based on Ninth Circuit model instruction 4.9. The court declines to adopt the modifications to the model instruction proposed by defendants and the language of instructions used in another case in this district involving witnesses who received different benefits from the government, including compensation and immunity, which are not at issue here. The court adopts the instruction proposed by the

government, doc. no. 316, which more closely follows the Ninth Circuit model instruction which the court approved during the charging conference. The court hereby amends the instruction as proposed by the government for the final set of instructions, instruction no. 22, as follows:

> You have heard testimony from Doug Ditmer, Danli Liu, Brad Roemer, Miguel De Sanz, and Jorge Wong, witnesses who pleaded guilty to a crime arising out of the same events for which the defendants are on trial and who testified pursuant to a cooperation agreement. These guilty pleas are not evidence against the defendants, and you may consider them only in determining these witnesses**'** believability.
>
> For this reason, in evaluating the testimony of **each of** these witnesses, you should consider the extent to which or whether ~~their~~ **his or her** testimony may have been influenced by this factor. In addition, you should examine his or her testimony with greater caution than that of other witnesses.

**IT IS SO ORDERED.**

Dated: November 9, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge

3