MANISH KUMAR (CSBN 269493)
ALBERT B. SAMBAT (CSBN 236472)
MICAH L. RUBBO (CSBN 267465)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
micah.rubbo@usdoj.gov
Telephone: (415) 934-5300

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALVIN FLORIDA, JR.,<br>ROBERT ALHASHASH RASHEED,<br>JOHN LEE BERRY, III, and<br>REFUGIO DIAZ,<br><br>Defendants. | CASE NO. CR 4:14-00582 JD<br><br>**UNITED STATES' PROPOSED MODIFICATION TO JURY INSTRUCTIONS**<br><br>Court: The Honorable James Donato<br>Trial Date: December 5, 2016 |

The government hereby submits the following redlined modifications to Jury Instructions 6 through 9 regarding conspiracy for the Court's consideration (green text is language that has been moved from another instruction, while red text is added language). A version of the proposed instruction without any editing marks appears on the last page.

Dated: December 12, 2016　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　___/s/_____
　　　　　　　　　　　　　　　　　　　MICAH L. RUBBO
　　　　　　　　　　　　　　　　　　　MANISH KUMAR
　　　　　　　　　　　　　　　　　　　ALBERT B. SAMBAT
　　　　　　　　　　　　　　　　　　　Trial Attorneys
　　　　　　　　　　　　　　　　　　　Antitrust Division
　　　　　　　　　　　　　　　　　　　U.S. Department of Justice

INSTRUCTION NO. 3

BID RIGGING

The indictment charges the defendants with conspiring to rig bids. Under the first element and for purposes of a violation of the Sherman Antitrust Act, a conspiracy to rig bids is an agreement between two or more persons to eliminate, reduce, or interfere with competition for something that is to be awarded on the basis of bids. A conspiracy to rig bids may be an agreement among competitors about the prices to be bid, who should be the successful bidder, who should bid high, who should bid low, or who should refrain from bidding; or any other agreement with respect to bidding that affects, limits, or avoids competition among them.

The aim and result of every bid-rigging agreement, if successful, is the elimination of one form of competition.

If you should find that the defendants entered into an agreement to rig bids, the fact that the defendants or their coconspirators did not abide by it, or that one or more of them may not have lived up to some aspect of the agreement, or that they may not have been successful in achieving their objectives, is not a defense. The agreement is the crime, even if it was never carried out. An internal agreement only between owners and employees of the same company does not constitute a conspiracy.

Evidence that the defendants and alleged coconspirators actually competed with each other has been admitted to assist you in deciding whether they actually entered into an agreement to rig bids. If the conspiracy charged in the indictment is proved, it is no defense that the conspirators actually competed with each other in some manner or that they did not conspire to eliminate all competition. Nor is it a defense that the conspirators did not attempt to collude with all of their competitors. Similarly, the conspiracy is unlawful even if it did not extend to all properties sold at the auctions during the conspiracy period.

Evidence of the bids submitted by the defendants and alleged coconspirators has been admitted to assist you in deciding whether they entered into an agreement to rig bids. Such evidence may lead you to conclude that the defendants never entered into the agreement charged in the indictment or that they did enter into an agreement; or it may show that they made an agreement but failed to live up to it,

or started undercutting one another right away, or submitted bids lower than those agreed upon to customers that they did not want to lose.  Or it may show that they became convinced the whole scheme was unwise and should be abandoned.  Regardless of this type of evidence, if the conspiracy as charged existed, for any period of time, it was unlawful.

Evidence of similarity of business practices of the defendants and alleged coconspirators does not alone establish an agreement to rig bids, since such activities may be consistent with ordinary and proper competitive behavior in a free and open market.

Nevertheless, you may consider such facts and circumstances along with all other evidence in determining whether the evidence of bids actually submitted or similarity of business practices resulted from the independent acts or business judgment of the defendants and alleged coconspirators freely competing in the open market, or whether it resulted from an agreement among or between two or more of them.

# INSTRUCTION NO. 6

## ELEMENTS OF CONSPIRACY

~~In order for the defendants to be found guilty of the conspiracy in Count One, the government must prove each of the following elements beyond a reasonable doubt:~~

~~First, beginning on or about May 2008 and ending on or about December 2010, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and~~

~~Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.~~

~~A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.~~

~~For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.~~

~~One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, or merely by knowing that a conspiracy exists.~~

~~A single conspiracy may involve several subagreements or subgroups of conspirators.~~

No. CR 4:14-00582 JD
PROPOSED MOD. TO
JURY INSTRCTNS.                4

~~INSTRUCTION NO. 7~~

~~CONSPIRACY – KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS~~

~~A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.~~

~~Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:~~

~~(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;~~

~~(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and~~

~~(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.~~

~~It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.~~

~~INSTRUCTION NO. 8~~

~~MULTIPLE CONSPIRACIES~~

~~You must unanimously decide whether the specific conspiracy charged in Count One of the indictment existed and, if so, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy or conspiracies existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy or conspiracies.~~

INSTRUCTION NO. 9

KNOWINGLY

Under the second element, the defendants must knowingly become a member of the charged conspiracy. An act is done knowingly if a defendant is aware of the act and does not act or fails to act through ignorance, mistake, or accident. The government is not required to prove that a defendant knew that his or her acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, or merely by knowing that a conspiracy exists.

It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members. It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

INSTRUCTION NO. ___

KNOWINGLY

Under the second element, the defendants must knowingly become a member of the charged conspiracy. An act is done knowingly if a defendant is aware of the act and does not act or fails to act through ignorance, mistake, or accident. The government is not required to prove that a defendant knew that his or her acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, or merely by knowing that a conspiracy exists.

It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members. It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.