UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:14-cr-00582-JD-1 |
| Plaintiff, | |
| v. | **AMENDED FINAL JURY INSTRUCTIONS** |
| ALVIN FLORIDA, JR., ROBERT ALHASHASH RASHEED, JOHN LEE BERRY, III, and REFUGIO DIAZ, | |
| Defendants. | |

At the request of the United States and without objection by defendants, the Court amended the final jury instructions by deleting former instruction 10 -- charts and summaries in evidence. This set represents the instructions given to the jury.

**IT IS SO ORDERED.**

Dated: December 15, 2016

_____

JAMES DONATO
United States District Judge

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

United States District Court
Northern District of California

INSTRUCTION NO. 2

CHARGES AGAINST DEFENDANT NOT EVIDENCE – PRESUMPTION OF INNOCENCE –

BURDEN OF PROOF

      The indictment is not evidence.  The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt.  In addition, the defendants do not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendants did not testify.

INSTRUCTION NO. 4

"REASONABLE DOUBT" - DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find that defendant guilty.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INSTRUCTION NO. 5

<u>WHAT IS EVIDENCE</u>

The evidence you are to consider in deciding what the facts are consists of:

    (1)   the sworn testimony of any witness;

    (2)   the exhibits received in evidence; and

    (3)  any facts to which the parties have agreed.

United States District Court
Northern District of California

# INSTRUCTION NO. 6

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# INSTRUCTION NO. 7

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

<u>CREDIBILITY OF WITNESSES</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were and how much weight you think their testimony deserves.

INSTRUCTION NO. 9

<u>CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE</u>

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

United States District Court
Northern District of California

INSTRUCTION NO. 11

SEPARATE CONSIDERATION OF SINGLE COUNT—MULTIPLE DEFENDANTS

A separate crime is charged against each defendant. The charges have been joined for trial. You must decide the case of each separately. Your verdict as to one defendant should not control your verdict as to any other defendant.

All the instructions apply to each defendant unless a specific instruction states that it applies only to a specific defendant.

INSTRUCTION NO. 12

ELEMENTS OF THE BID-RIGGING OFFENSE

Defendants are charged in Count One of the indictment with bid rigging, in violation of the Sherman Act, Section 1 of Title 15 of the United States Code. In order to establish the offense of conspiracy to rig bids as charged in the indictment, the government must prove each of these elements beyond a reasonable doubt:

One, that the conspiracy described in the indictment existed at or about the time alleged:

Two, that the defendant knowingly became a member of the conspiracy; and,

Three, that the conspiracy described in the indictment occurred within the flow of interstate commerce.

If you find from your consideration of all the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all of the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

United States District Court
Northern District of California

12

The indictment charges the defendants with conspiring to rig bids. Under the first element and for purposes of a violation of the Sherman Antitrust Act, a conspiracy to rig bids is an agreement between two or more persons to eliminate, reduce, or interfere with competition for something that is to be awarded on the basis of bids. A conspiracy to rig bids may be an agreement among competitors about the prices to be bid, who should be the successful bidder, who should bid high, who should bid low, or who should refrain from bidding; or any other agreement with respect to bidding that affects, limits, or avoids competition among them.

The aim and result of every bid-rigging agreement, if successful, is the elimination of one form of competition.

If you should find that the defendants entered into an agreement to rig bids, the fact that the defendants or their coconspirators did not abide by it, or that one or more of them may not have lived up to some aspect of the agreement, or that they may not have been successful in achieving their objectives, is not a defense. The agreement is the crime, even if it was never carried out.

An internal agreement only between owners and employees of the same company does not constitute a conspiracy.

Evidence that the defendants and alleged coconspirators actually competed with each other has been admitted to assist you in deciding whether they actually entered into an agreement to rig bids. If the conspiracy charged in the indictment is proved, it is no defense that the conspirators actually competed with each other in some manner or that they did not conspire to eliminate all competition. Nor is it a defense that the conspirators did not attempt to collude with all of their competitors. Similarly, the conspiracy is unlawful even if it did not extend to all properties sold at the auctions during the conspiracy period.

Evidence of the bids submitted by the defendants and alleged coconspirators has been admitted to assist you in deciding whether they entered into an agreement to rig bids. Such evidence may lead you to conclude that the defendants never entered into the agreement charged in the indictment or that they did enter into an agreement; or it may show that they made an

1   agreement but failed to live up to it, or started undercutting one another right away, or submitted

2   bids lower than those agreed upon to customers that they did not want to lose.  Or it may show that

3   they became convinced the whole scheme was unwise and should be abandoned.  Regardless of

4   this type of evidence, if the conspiracy as charged existed, for any period of time, it was unlawful.

5           Evidence of similarity of business practices of the defendants and alleged coconspirators

6   does not alone establish an agreement to rig bids, since such activities may be consistent with

7   ordinary and proper competitive behavior in a free and open market.

8           Nevertheless, you may consider such facts and circumstances along with all other

9   evidence in determining whether the evidence of bids actually submitted or similarity of business

10  practices resulted from the independent acts or business judgment of the defendants and alleged

11  coconspirators freely competing in the open market, or whether it resulted from an agreement

12  among or between two or more of them.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 14

## KNOWINGLY

An act is done knowingly if a defendant is aware of the act and does not act or fails to act through ignorance, mistake, or accident. The government is not required to prove that a defendant knew that his or her acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

United States District Court
Northern District of California

INTERSTATE COMMERCE

The third element of a bid-rigging offense is that the bid-rigging conspiracy must involve interstate commerce. The government must prove beyond a reasonable doubt that the conspiracy charged in the indictment occurred in the flow of interstate commerce.

Funds in interstate commerce are considered in commerce until they reach the point where their movement is intended to end. A temporary pause in their transit does not necessarily mean that the funds are no longer in commerce – where there is a practical continuity of movement, funds remain in commerce until they reach their final destination.

While real estate remains physically in one state, transactions related to real estate can be in the flow of interstate commerce. To decide whether the charged conspiracy was "in the flow" of interstate commerce, you must determine whether the activities of the charged conspiracy were an essential part of a real estate transaction across state lines. When the alleged conspiracy occurs within the flow of interstate commerce, the magnitude of the commerce restrained is unimportant. If you find that the rigged foreclosure sales at the Alameda County real estate auctions were an essential part of interstate foreclosure transactions involving the transfer of funds from the State of California to entities in other states, then the conspiracy is in the flow of interstate commerce and therefore the interstate commerce element is proven for the bid-rigging count.

Although the government must prove beyond a reasonable doubt that the conspiracy charged in the indictment occurred within the flow of interstate commerce, the government's proof need not quantify or value any adverse impact of the charged conspiracy or show that the conspiracy had any anticompetitive effect.

Proof of interstate commerce as to one defendant or coconspirator satisfies the interstate commerce element as to every defendant.

## PER SE VIOLATIONS OF THE ANTITRUST LAWS

The Sherman Act makes unlawful certain agreements that, because of their harmful effect on competition and lack of any redeeming virtue, are conclusively presumed to be illegal, without inquiry about the precise harm they have caused or the business excuse for their use. Included in this category of unlawful agreements are agreements to rig bids.

Therefore, if you find that the government has met its burden with respect to each of the elements of the charged offense, you need not be concerned with whether the agreement was reasonable or unreasonable, the justifications for the agreement, or the harm, if any, done by it. It is not a defense that the parties may have acted with good motives, or may have thought that what they were doing was legal, or that the conspiracy may have had some good results. If there was, in fact, a conspiracy as charged in the indictment, it was illegal.

INSTRUCTION NO. 17

<u>STATUTES OF LIMITATIONS</u>

The indictment charges that the alleged conspiracy began at least as early as May 2008 and continued until at least December 2010.

The grand jury returned its indictment of the defendants on November 18, 2014. There is a five-year statute of limitations which applies to the offense charged here. This means that the defendants cannot be found guilty unless you find beyond a reasonable doubt that the conspiracy existed at some time within the period of the statute of limitations, which, for purposes of this case, is the period beginning November 18, 2009, and continuing until November 18, 2014.

INSTRUCTION NO. 18

<u>"ON OR ABOUT" DEFINED</u>

The indictment charges that the offense was committed "on or about" a certain date. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

INSTRUCTION NO. 19

<u>VENUE</u>

Before you can find any defendant guilty of committing the crime charged in the indictment, you must find by a preponderance of the evidence that, during the period from about May 2008 to on or about December 2010, some act in furtherance of the bid-rigging conspiracy occurred in the Northern District of California. The district includes Alameda County.

To prove something by a preponderance of the evidence is to prove it is more likely true than not true. This is a lesser standard than "beyond a reasonable doubt."

<u>STATEMENTS BY DEFENDANTS</u>

You have heard testimony that defendants made a statement.  It is for you to decide (1) whether the defendants made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendants may have made it.

You have heard testimony that defendant Robert Rasheed made one or more statements to FBI Special Agent Timothy Paulson.  This evidence has been admitted only as to defendant Rasheed and you must consider it only for that limited purpose and not for any other purpose.  You may not consider the statements made by defendant Rasheed to Agent Paulson against any other defendants.

INSTRUCTION NO. 21

<u>TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES – IMMUNITY,</u>

<u>BENEFITS, ACCOMPLICE, PLEA</u>

You have heard testimony from Doug Ditmer, Danli Liu, Brad Roemer, Michael Renquist, and Thomas Franciose, witnesses who pleaded guilty to a crime arising out of the same events for which the defendants are on trial and who testified pursuant to a cooperation agreement. These guilty pleas are not evidence against the defendants, and you may consider it only in determining these witnesses' believability.

For this reason, in evaluating the testimony of each of these witnesses, you should consider the extent to which or whether his or her testimony may have been influenced by this factor. In addition, you should examine his or her testimony with greater caution than that of other witnesses.

INSTRUCTION NO. 22

<u>PLEA AGREEMENTS</u>

You've heard about the guilty pleas of the alleged coconspirators of the defendants. The fact that a witness entered a plea of guilty to the offense charged is not evidence of guilt of any person, including the defendants. You may consider it only in determining the witness's' believability.

United States District Court
Northern District of California

INSTRUCTION NO. 23

<u>DISPOSITION OF CHARGES AGAINST COCONSPIRATORS</u>

For reasons that do not concern you, the case against several alleged coconspirators of the defendants is not before you.  Do not speculate why.  That fact should not influence your verdicts with respect to the defendants, and you must base your verdict solely on the evidence against the defendants.

## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 25

CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website, or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

INSTRUCTION NO. 26

<u>JURY CONSIDERATION OF PUNISHMENT</u>

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendants beyond a reasonable doubt.

INSTRUCTION NO. 27

<u>USE OF NOTES</u>

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

United States District Court
Northern District of California

## VERDICT FORMS

Verdict forms have been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Clerk or the Court Security Officer that you are ready to return to the courtroom.

United States District Court
Northern District of California

## INSTRUCTION NO. 29

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Clerk or the Court Security Officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone, including me, how the jury stands, numerically or otherwise, on any question submitted by you, including the question of the guilt of the defendants, until after you have reached a unanimous verdict or have been discharged.